JEROME B. BROOKS, PLAINTIFF IN ERROR, V. JAMES S. HIATT, DEFENDANT IN ERROR.

1.  **Improvements on public lands** are property, and a sufficient consideration to sustain a promissory note given for the purchase of the same.

2.  **Promissory Note:** DEFENSE. The defense to a promissory note was, that it was given for property to which the title had failed. There was testimony tending to show that there was not an entire failure of title. *Held,* That the plaintiff was entitled to recover for such property, as the title had not failed, and a verdict for the defendant was set aside.

ERROR to the district court for York county. Tried below before WEAVER, J.

*George B. France,* for plaintiff in error.

*W. T. Scott* and *M. C. Frank,* for defendant in error.

MAXWELL, J.

This is an action upon a promissory note executed by the defendant to the plaintiff. The amended answer admits the making of the note, but states that it was given for a frame house 20 by 24 in size, standing upon the northeast quarter of sec. 28, town 11, range 2 west, and the improvements on the east half of the northeast quarter of the same section; that said property did not belong to the

plaintiff, but to one Myron L. Grant, and the defendant was compelled to pay him over $500 therefor. On the trial of the cause a verdict was returned in favor of the defendant, upon which judgment was rendered dismissing the action.

It appears from the testimony that the note in question was given for the improvements, including the house upon the land above described; that at the time of the execution of the note the plaintiff executed a contract wherein he in effect covenanted to protect the defendant in the possession of said house and improvements.

The plaintiff had entered one eighty acre tract of the above described lands as a timber culture claim, and seems to have made some improvements thereon, which he surrendered to the defendant. He seems also to have asserted a claim to the remaining portion of the land, but upon what ground does not appear. Eighty acres of the land had been claimed by Myron L. Grant, and it is clearly proved that after the sale to the defendant the plaintiff obtained a release from Grant of his interest therein, paying therefor the sum of $150. The release itself was lost, but there seems to be no doubt of the fact. The defendant entered into possession of the improvements purchased from the plaintiff, and has entered a portion of the land as a homestead under the United States statute. No one has disturbed his possession, and before the alleged payment of $500 for the improvements he made no complaint to the plaintiff or claim of want of title.

The testimony also shows that Grant is the son-in-law of the defendant.

The contract above referred to amounts to this: that in case of a failure of title to the house or any part of the above improvements, the defendant shall not be required to pay for the same, but of course is to pay for whatever he may have received. This is but justice. To the extent, therefore, that these improvements belonged to the

plaintiff he was entitled to recover.   And as the testimony shows some value the verdict cannot be sustained.

Our statute provides that: "All contracts, promises, assumpsits, or undertakings, either written or verbal, which shall be made hereafter in good faith, without fraud, collusion or circumvention, for sale, purchase, or payment of improvements made on the lands owned by the United States, shall be deemed valid in law or equity, and may be sued for and recovered as in other contracts.   Comp. St., 299.

Improvements on the public lands are property, and a sufficient consideration to sustain a promise to pay for the same.   It is unnecessary to notice the other errors assigned.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.