IN THE

# SUPREME COURT OF NEBRASKA.

### JANUARY TERM, 1885.

PRESENT:

HON. AMASA COBB, CHIEF JUSTICE.
" SAMUEL MAXWELL, } JUDGES.
" M. B..REESE, }

JAMES S. HIATT, PLAINTIFF IN ERROR, V. JEROME B. BROOKS, DEFENDANT IN ERROR.

1. **Stare decisis.** A previous ruling by the appellate court, upon a point distinctly made, may be only authority in other cases, to be followed or affirmed, or to be modified or overruled, according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves. *Phelan v. San Francisco*, 20 Cal., 45, quoted in Wells' Res Adjudicata and Stare Decisis, § 613.

2. **Public Lands of United States:** RIGHTS OF PRE-EMPTOR. A person entitled by law to pre-empt a tract of public land, or to hold it under the timber culture act, and who is so recognized by the register and receiver of a United States land office, and is by them allowed to make a filing on a tract of public land within their district legally open to pre-emption, takes the same and all permanent improvements thereon, if any, together with the exclusive right of possession thereof free from the claims of all persons except the United States.

3

3.   Trial:  EVIDENCE INSUFFICIENT.  When the evidence which
      has been offered is not sufficient in *law* to make out the case of
      the party who has offered it, it is the duty of the court to so in-
      struct the jury.

ERROR to the district court for York county.  Tried
below before NORVAL, J.  The opinion, taken in connec-
tion with that filed when the case was before this court at
the July term, 1882, states the facts of the case.

*Scott & Gilbert,* for plaintiff in error, cited:   6 Wait's
Actions and Defenses, 571.    *Wolf v. Marsh,* 54 Cal., 228.

*Sedgwick & Power* and *George B. France,* for defend-
ant in error, cited:   Wells' Res Adjudicata, § 613 *et seq.*
*Lesse v. Clark,* 20 Cal., 417.    *Parker v. Pomeroy,* 2 Wis.,
122.

COBB, CH. J.

This case was before this court and disposed of by an
opinion in favor of the then plaintiff, now defendant in
error, and reported in 13 Neb., 503.

In so far as the written contract between the parties,
consisting of the notes and article of agreement, were con-
strued by the court in that opinion, such construction will
be adhered to as the law of the case.   This court having
announced its views as to the proper construction of the
contract, and ordered a new trial to be governed by the
principles thus announced, it would be inadmissible to re-
view the ground of such opinion, now that the trial court
has obeyed such order with the result logically following.

The principal error relied upon in the case at bar is, that
the court erred in instructing the jury to find for the plain-
tiff in the court below, thus taking the consideration of the
case from the jury and disposing of it as a question of law.
This point not having been involved in the former case
will be considered here.

The defendant in the court below having admitted the execution and delivery of the note sued on, it rested upon him to show, as well in his pleadings as by his proofs, a legal defense to its binding force. The answer is too lengthy to be copied here; but the substance is, that the notes with others, together with a certain contract, copies of which were to said answer attached, were executed at the same time and should be considered and construed together; that the sole consideration for the giving of said notes and contract was as set forth in said contract; that the rights pretended to be conveyed to the plaintiff by said contract were guaranteed and warranted by said contract by plaintiff to defendant that they should not fail, otherwise no action could be maintained on said note, etc.; that the land upon which the improvements are situated is unpatented, the title being in the government of the United States; that the improvements specified were put upon said land by John M. and Myron L. Grant; that at the time of the execution of the note, etc., the plaintiff had no title to said property, nor has he since acquired any such title; but that Myron L. Grant, who afterwards conveyed the same to defendant, was the owner and entitled to the possession thereof; that the said note was given without consideration, etc.

From the bill of exceptions I gather the following as the facts in the case: Some time previous to the date of the note sued on, John M. and Myron L. Grant had possession of the north-east quarter of sec. 28, in township 11, range 2 west, and made permanent improvements thereon. These improvements consisted, in part, of a dwelling-house, situated on the west eighty of said quarter section, and other improvements, the character, value, or extent of which are not given, situated on the east eighty thereof. About a year before the date of the note sued on, and of the other notes and contract referred to, the Grants placed the defendant in possession of the said house and improvements,

and one of them at least went to the state of Michigan. We are furnished with no fact as to the nature of the arrangement between the Grants and the defendant, or whether the latter went into the possession of the land with the view of acquiring a right to it under the homestead or preemption laws, or not. While the defendant was in such possession and the Grants absent, Myron L. in the state of Michigan, the plaintiff applied to the United States authorities and obtained the right of possession, popularly called "a filing," of the west half of said quarter section, the part on which the said dwelling-house then occupied by defendant was situated. This he could have obtained only by attacking the right of the Grants to said land and proving that they had abandoned it. And clearly his being admitted to "a filing" on the land gave him the right to the exclusive possession of the land as against everybody but the United States.

It seems that the defendant, although he had been put into the possession of the house by the Grants, recognized the right of the plaintiff not only to the west eighty with the improvements, but recognized his ability to procure the possessory title to the east eighty from the United States for him. And these constituted the consideration for the notes—the house and the right of way from it over a portion of the west eighty, on which plaintiff had a timber culture filing, to the east eighty, and the services and skill of the plaintiff in procuring for the defendant a filing on the east eighty. The plaintiff succeeded in obtaining for the defendant a filing and the right of possession of the east eighty. The defendant occupied the house where it originally stood and the right of way from it to the east eighty as long as it suited him, and finally moved the house on to the east eighty.

In the meantime Myron L. Grant returned from Michigan, and there was a litigation between him and the plaintiff over the said quarter section of land, or a part of it.

This litigation was settled, and upon such settlement, and as expressing the whole or a part of the terms thereof, a writing was executed and delivered by the said Myron L. Grant to the plaintiff, of which the following is a copy:

"I, Myron L. Grant, hereby release all my title, claim, interest, and pre-emption claim, title, and interest in the west half of the north-east quarter of section number twenty-eight in township eleven north, of range two west, sixth p. m., in York county, Nebraska, to the government of the United States, and especially to James B. Brooks, who now holds timber claim entry No. 1146 on same land, dated the 26th day of December, A.D. 1878, taken at the United States land office at Lincoln, Nebraska. This being a full release of all my claim to said land. Dated York, Neb., April 14, 1879.

"MYRON L. GRANT."

There was evidence given at the trial, on the part of the defendant, of statements made by the plaintiff to Myron L. Grant, both before and after the execution of the above writing, which amounted to an indication of a willingness on his part that Grant should remove the improvements from the west eighty; and which, had he not previously sold the house to the defendant, and if acted upon by the said Grant, would probably have amounted to a license justifying him in removing the house off of the land. But such statements would not have the effect to divest the defendant of any right which he had previously acquired to the house in question by purchase from the plaintiff.

I understand it to be the law that when a pre-emptor on the public domain abandons his pre-emption, and leaves buildings or other permanent improvements thereon, he abandons such improvements. And another pre-emptor who becomes entitled to the land by reason of such abandonment would take it, together with all such permanent improvements. It may be, considerations of natural justice would lead to the conclusion that a person who puts

permanent valuable improvements on to a tract of govern-
ment land, in an unsuccessful effort to hold it by virtue of
the pre-emption or homestead laws, should be allowed to
take such improvements away at the end of unsuccessful
litigation.    But such a rule would be difficult of execution,
of doubtful general utility, and never has been applied to
cases of this kind.

I therefore conclude that, at the date of the execution of
the notes and article of agreement, the plaintiff had the
legal title and right to the possession of the house; that he
conveyed a good title thereto to the defendant; and that
such conveyance, without reference to the services and ex-
penses of the plaintiff in procuring the pre-emption filing
on the east eighty for the defendant, or the right of way
conveyed to defendant over the west eighty, constituted a
good consideration for the note sued on.    And that no
breach of warranty of title was proved, nor any testimony
given or offered tending to prove it.

There were no disputed facts upon which the case could
turn.    The plaintiff acquired the right of possession to the
land with all of the improvements by virtue of his filing.
He put the defendant in possession, his right to do which
could be disputed only by the United States.    The defend-
ant then being in possession of the house by virtue of his
purchase from the plaintiff, his right to the property could
be in nowise affected by any after contract, agreement, or
admission between the plaintiff and Myron L. Grant.

In regard to the instruction, I think the law quite well
settled that when the testimony is all in one direction, or
when all the evidence for the party who holds the affirma-
tive of the issue has been given, and it has no tendency
whatever to prove the particular issue relied on to recover,
and there is no question in regard to the credibility of the
witnesses who have given the evidence, the court may de-
termine the whole case as a question of law.    See *Vinton v.
Schwab*, 32 Vt., 612.    *Boland v. Mo. R. R. Co.*, 36 Mo.,

484. As said in the opinion in the latter case: "The credibility of witnesses, and the weight of evidence are for the jury; but whether there is any evidence, or what its legal effect may be, is to be delivered by the court." The rule is, as I think, correctly stated by Thompson, in the following words: "When the evidence which has been offered is not sufficient in *law* to make out the case of the party who has offered it, it is the duty of the judge so to instruct the jury." Charging the Jury, § 31.

There was therefore no error on the part of the court in instructing the jury to find for the plaintiff. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.