WILLIAM F. PORTER v. STATE OF NEBRASKA.

FILED MAY 17, 1905. No. 13,776.

Review: LAW OF CASE. It is the settled doctrine in this jurisdiction that a legal principle involved in the trial of a case, when once determined, becomes thereafter the law of the case, binding not only upon the trial court, but this court as well, and will not ordinarily be reexamined in a subsequent review of the proceedings of an inferior court had in the further trial of the action.

ERROR to the district court for Lancaster county: LIN-COLN FROST, JUDGE. *Affirmed.*

*Benjamin F. Johnson,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. B. Rose,* contra.

PER CURIAM.

The questions herein presented for determination are essentially the same of those considered and determined in this case on a former appeal. *State v. Porter,* 69 Neb. 203. As the case was first presented, the questions considered arose on a demurrer to the petition. Upon the cause being remanded, an answer was filed, and the state moved for judgment on the pleadings. This motion was sustained.

The answer, as we construe the pleadings, presents no
tion not passed upon in the consideration of the ruling
on the demurrer.   It is alleged in the answer that the de-
fendant as a member of the state brand and mark com-
mittee was, under the provisions of the law, entitled to 20
per cent. of all the fees paid in for the recording of brands
and marks, and that as a member of said committee he
lawfully received, and for his use and benefit, 20 per cent.
of all the brand and mark fees paid to said committee for
the recording of brands and marks.   This is the money in
controversy and to recover which the action is prosecuted.
It was decided on the former appeal that in receiving this
money the defendant assumed to act in an official capacity
as secretary of state, and to exercise a power derived from
the state which he cannot now be heard to repudiate, and
that he cannot now consistently with good faith deny that
he so acted; that, having received the fees in controversy
which he retained for services rendered by him as secre-
tary of state and in his official capacity, the conclusion
that he must account for them to the state inevitably fol-
lows.   We find in the pleadings no question of estoppel
not considered and passed upon on the former hearing.
While it is alleged that because of the enactment of the law
the state is estopped to claim these fees, this fact received
attention and was included in the discussion of the validity
of the law and its effect on the legal rights of the parties,
and was resolved against the contention of counsel for the
defendant.   Whether the law be considered as valid or
invalid, it is not believed that it can have the effect of
annulling a provision of the fundamental law fixing the
salaries of state officers.   It is the settled doctrine in this
jurisdiction that a legal principle involved in the trial of a
case, when once determined, becomes thereafter the law of
the case, binding not only upon the trial court, but this
court as well, and will not ordinarily be reexamined in a
subsequent review of the proceedings of an inferior court
had in the further trial of the action.   Applying this rule
to the questions presented by the record, and it follows

that the judgment rendered below should be affirmed, and it is so ordered.

AFFIRMED.