OLD COLONY TRUST CO. v. STANDARD BEET SUGAR CO. et al.

(Circuit Court, N. D. Nebraska. February 15, 1907.)

1. CONTRACTS—CONSTRUCTION—RIGHTS ACQUIRED BY THIRD PERSONS.

A provision of a mortgage given by a manufacturing company to secure bonds, requiring the trustee on request to release portions of a tract of land in case lots should be sold from the same, the proceeds of such sales to be paid to and held by the trustee, and at the election of the company applied on the mortgage debt or paid over to it, to be used in the erection of buildings on the mortgaged property, affords no basis for a claim by a third party that a mechanic's lien filed by him for work or materials subsequently furnished in the erection of buildings on the mortgaged property is entitled to priority over the mortgage, to which it is subject under the law of the state, where it does not appear that any lots were ever sold and the proceeds devoted to the erection of buildings, or that anything whatever was ever done under said provision.

2. MORTGAGES—CONSTRUCTION—"PLANT" OF MANUFACTURING COMPANY.

A provision of a mortgage given to secure bonds by a corporation engaged in operating a beet sugar factory, and covering its plant and surrounding lands, that it should also include "all other machinery, plant, tools and equipment which the company may hereafter acquire for the aforesaid purposes," cannot be construed to bring under the mortgage as a part of the mortgagor's "plant" a large tract of land afterward acquired by it, lying 200 miles distant from its factory, although it was its purpose to raise beets thereon for use in such factory.

In Equity.

W. D. McHugh, for complainant.

Charles W. Haller, for defendants Rocheford & Gould.

Charles Battelle, for defendant Kennard Glass & Paint Co.

W. J. Courtright, for intervener Edmund R. Gurney.

TRIEBER, District Judge.  The complainant filed a bill to foreclose a mortgage executed by the defendant the sugar company on May 1, 1900, and duly recorded in Dodge county, Neb., on May 7, 1900.  The mortgage was executed to secure an issue of $500,000 in bonds, with the usual provisions in case of default in the payment of the interest.  The mortgage recites that it conveys to the trustee, its successors, and assigns "the following described real estate, situate, lying and being within the county of Dodge, state of Nebraska, to wit." It then proceeds to describe by proper metes and bounds $197^{75}/_{100}$ acres, and then proceeds:

"Together with all and singular the tenements, hereditaments and appurtenances, buildings and factories thereunto belonging or in any wise appertaining; also all the machinery, plant, tools and equipment of the company used in or about the same premises in connection with the manufacture of refined beet sugar; together with all other machinery, plant, tools and equipment which the company may hereafter acquire for the aforesaid purposes."

Among other provisions is the following:

"Sec. 9.  *  *  *  The trustee shall from time to time release from such lien any portion of the south half of the southeast quarter of section thirty-two, (32), in township eighteen (18) north of range seven (7) east of the Sixth P. M., lying west of the Freemont county ditch, whenever so requested, in writing by the president and treasurer of the company, specifying the portion so to be released, and also giving the name and address of the purchaser and the amount of consideration to be paid for the property so to be released and the terms of payment.  Any and all installments of the purchase price shall be paid over to the trustee upon receipt thereof by the company, and shall be held on deposit by the trustee, and may be used by the company for the redemption of bonds or for the purchase of new or additional property or equipment or for the erection of new buildings useful in the business thereof, and shall be paid to the company by the trustee upon a request signed by the president and treasurer of the company, specifying the purpose for which the amount requested is to be used, and such new or additional property, equipment or buildings useful in the business of the company shall be subject to the lien of this mortgage as if they had been originally included therein," etc.

The bill, in addition to asking for a foreclosure of the premises in Dodge county as hereinbefore described, also alleges that, after the execution and delivery of the mortgage, the defendant purchased over 2,000 acres of land, which are particularly described in the bill, lying in the county of Hitchcock, in the state of Nebraska, which lands, it is charged, were purchased with money of the company to be used for its corporate purposes, in connection with and to constitute with the property described in the mortgage the plant of the defendant, and for this reason it asks that said lands in Hitchcock county be decreed to be subject to complainant's mortgage.  The defendants Rocheford & Gould and the Kennard Glass & Paint Company had furnished materials and done some work in 1905 on the factory covered by the mortgage, for which they filed mechanics' liens on

the mill and the lands on which the factory stands, and they now claim priority over the mortgage for these claims. The intervener, Gurney, is a creditor of the sugar company, who, two weeks after the filing of the original bill herein, instituted a suit on the law side of this court to recover his claim, and also secured an attachment against the property of the sugar company, which was levied on the lands in Hitchcock county hereinbefore described. Since then he has recovered judgment on the law side and the attachment was sustained, but with a stay of proceedings until the determination of this proceeding. There has been a decree of foreclosure, directing a sale of all the property except the Hitchcock county lands, which, by consent of all parties, was to be determined at a later day, as were also the claims of the mechanic lienors heretofore mentioned. The questions now to be determined, therefore, are, first, whether the mechanics' liens of the defendants Rocheford & Gould and the glass and paint company are entitled to priority over the mortgage, although the work was performed and the materials furnished five years after the execution and recording of the mortgage; and, second, whether the Hitchcock county lands are subject to the lien of the mortgage by virtue of that part of the mortgage which conveys "all other machinery, plant, tools and equipment which the company may hereafter acquire for the aforesaid purposes."

1. The claims of the holders of the mechanics' liens, if sustained, must rest solely upon section 9 of the mortgage, as under the laws of the state of Nebraska, as construed by its highest court, a mortgage executed before the mechanic's lien accrued has priority over that lien. Henry & Coatsworth Co. v. Halter, 58 Neb. 685, 699, 79 N. W. 616. That a contract made between two parties for the benefit of a third party may be enforced by such third party, if not at law, at least in equity, as contended by these defendants, is beyond doubt. Meyer v. Shamp, 26 Neb. 729, 42 N. W. 757; Dismukes v. Halpern, 47 Ark. 317, 1 S. W. 554; Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210. But does that provision in the mortgage justify the construction claimed for it by counsel for these defendants? The court is of the opinion that it does not. The trustee was required to release to purchasers of lots or portions of that land its lien when sold. This was to be done upon the request of the officers of the sugar company, but the consideration was to be paid to the trustee, to be held on deposit for a redemption of the mortgage bonds or for improvements to be determined by a request signed by the president and treasurer of the company, that request to specify the purpose for which the money requested was to be used. As there is no pretense that any portion of this tract was ever sold, or, if sold, that the consideration had been demanded by the company for improvements, instead of having it applied to the redemption of the mortgage bonds, the claim of these defendants practically amounts to a request for the court to make a new contract for their benefit. Courts of equity have no more power to do that than have courts of law. They will enforce equities, but cannot create them.

2. The lands attached by the intervener, Gurney, are lying in Hitchcock county, state of Nebraska, more than 200 miles from the mort-

gaged premises and factory of the sugar company in Dodge county. At the time of the execution of the mortgage these lands were neither owned by the company nor in contemplation of purchase. The only ground upon which it is claimed that these lands should be subjected to the lien of the mortgage is that that instrument conveys, not only the Dodge county lands and the factory erected thereon, but also "all other machinery, plant, tools and equipment which the company may hereafter acquire for the aforesaid purposes." That a mortgage of after-acquired property, if properly described so as to be susceptible in some way of being identified, is enforceable in equity is not disputed. But can it be successfully maintained that the word "plant" includes lands more than two hundred miles from a factory, simply for the reason that it is charged that the lands were purchased for the purpose of securing additional raw material for the use of the factory? The various dictionaries define the word "plant" as follows:

The Century Dictionary:

"The fixtures, machinery, tools, apparatus, appliances, etc., necessary to carry on any trade or mechanical business or any mechanical operation or process."

The Standard Dictionary defines it as follows:

"A set of machines, tools, etc., necessary to conduct a mechanical business, often including the buildings and grounds, or, in case of a railroad, the rolling stock, but not including material or product; hence, the permanent appliances needed for any institution, as a post office."

The Imperial Dictionary defines the word to mean:

"The fixtures, machinery, tools, apparatus, etc., necessary to carry on any trade or mechanical business. The locomotives, carriages, vans, trucks, etc., constitute the plant of a railway."

In the Encyclopedic Dictionary the word is defined:

"The tools, machinery, apparatus, and fixtures as used in a particular business; that which is necessary to the conduct of any trade or mechanical business or undertaking."

Webster's International Dictionary defines it:

"The whole machinery and apparatus employed in carrying on a trade or mechanical business; also sometimes including real estate and whatever represents investment of capital in the means of carrying on a business, but not including material worked upon or finished products; as, the plant of a foundry, mill, or railroad."

It will be noticed that the only definition including real estate is found in Webster's International Dictionary, and there it is qualified by the word "sometimes." That there may be instances in which courts will hold real estate to be a part of a plant cannot be doubted. The ground occupied by the factory or mill, or even that part adjoining the factory, used for offices or warehouses, may well be treated as a part of the plant; but a large tract of land hundreds of miles from the plant proper, to be used for the purpose of raising the raw material for use in the factory, has never been held to be a part of the "plant" by any court, so far as the research of counsel or the court has been able to find. If this contention is correct, a miller in Nebraska who invests in a wheat farm of several thousand acres in North Dakota,

for the purpose of raising wheat for its flouring mill, or a cane sugar mill which invests in sugar lands in Cuba, will be held to have included these lands in a mortgage of the mill or factory in·Nebraska by employing in the mortgage the word "plant." But, aside from this, the language used in this mortgage shows clearly that the intention of the parties was to cover only the lands described in the mortgage and the beet sugar factory thereon, together with all those things which are naturally appurtenant to such a factory, and nothing else. At the time this mortgage was executed neither of the parties had in contemplation the purchase of these Hitchcock county lands, or any others, for the purpose of raising sugar beets thereon. The mortgage was recorded in Dodge county only, and not in Hitchcock county, where these purchased lands are lying, although the laws of the state of Nebraska declare a mortgage invalid as against creditors and purchasers without notice until it is recorded in the county in which the lands are situate.

In Maxwell v. Wilmington Dental Co. (C. C.) 77 Fed. 938, a claim no more extravagant than this was made as to what constitutes a part of a "plant," but was by the court rejected. In New Orleans Pacific Ry. v. Parker, 143 U. S. 42, 54, 12 Sup. Ct. 364, 36 L. Ed. 66, a mortgage by a railroad company conveyed, in addition to the railroad property, "also all other property, real and personal, of every kind and description whatsoever and wherever situated in the state of Louisiana which is now owned or which shall hereafter be acquired by the said company, and which shall be appurtenant to or necessary or used for the operation of said main line of railroad, or of any of said branches." It was held that such a description did not cover a grant of lands subsequently made by Congress to the mortgagor. In the opinion the court said:

"Property, however, not connected with what is ordinarily termed the plant, or not forming a part of the organic structure of the road, is never treated as appurtenant to it."

Similar rulings were made in Humphreys v. McKissock, 140 U. S. 304, 11 Sup. Ct. 779, 35 L. Ed. 473; Calhoun v. Memphis & Paducah R. R., 2 Flipp. 442, Fed. Cas. No. 2,309; Dinsmore v. Racine, etc., R. R., 12 Wis. 649.

From the language used and the acts of the parties, it is impossible to reach any other conclusion than that the intention of the parties to the mortgage was to include only such after-acquired property as is connected with the factory proper, "the machinery, plant, tools, and equipment used in and about the said premises in connection with the manufacture of refined beet sugar."

The claim of the intervener Gurney is sustained, and the bill, so far as it seeks to subject the Hitchcock county lands to the lien of the mortgage, will be dismissed.