E. A. PULLIAM, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

100 N. W. 2d 704

Filed January 22, 1960. No. 34687.

*Chester N. Sutton*, for plaintiff in error.

*Clarence S. Beck*, Attorney General, and *Richard H. Williams*, for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is the second appearance of this case in this court. See Pulliam v. State, 167 Neb. 614, 94 N. W. 2d 51.

The plaintiff in error, hereafter referred to as the defendant, was charged by information in the district court for Washington County under section 69-109, R. R. S. 1943, with the crime of selling, transferring, or disposing of mortgaged personal property without the consent of the owner or holder of the debt secured by a mortgage, and under section 69-110, R. R. S. 1943, of the crime of removing, permitting, or causing to be removed any personal property out of the county in which such property was situated at the time a mortgage was given thereon, with intent to deprive the owner of the mortgage of his security. Both sections of the statute above mentioned prescribed a penalty for violation thereof. The defendant was found guilty of the crime of disposing of mortgaged property under count II of the information, and was found guilty of the crime of the removal of mortgaged property out of the county on counts III and IV thereof. The defendant filed a motion for new trial which was overruled. The trial court sentenced the defendant to serve a term in the Nebraska State Penitentiary and assessed a fine on counts III and IV set out in the information. The defendant brings proceedings in error for a review of his case in this court.

We deem it unnecessary to set forth the facts in this case. The material and relevant facts are meticulously set out in our former opinion and it would serve no useful purpose to repeat them. There was no material change in the evidence adduced at the first trial and the evidence adduced at the second trial of this case.

In the instant case the defendant sets forth two as-

signments of error, as follows:  (1) That the trial court erred in overruling objections to questions and exhibits making the defendant's character an issue, thereby abusing the discretion of the trial court which prevented the defendant from having a fair and impartial trial; and (2) that the trial court erred in overruling objections to testimony regarding other acts of the defendant which prevented the defendant from having a fair and impartial trial.

In the former opinion this court said:  "Under assignments of error numbered herein for convenience as No. 1 and No. 2, defendant argued that the trial court committed prejudicial error in the admission over objection of certain evidence appearing in various places throughout the voluminous record, upon the theory that it erroneously allowed defendant's character to be an issue.  To search out and recite such evidence here would serve no useful purpose.

"In that respect, as recently as Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628, which presented a comparable situation, we reaffirmed that:  'The function of assignments of error is that they set out the issues presented on appeal.  They serve to advise the appellee of the questions submitted for determination in order that the appellee may know what contentions must be met.  They also advise this court of the issues which are submitted for decision.

" 'In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged.' "

In Minick v. Huff, 41 Neb. 516, 59 N. W. 795, this court held:  "It is no part of the duty of this court to search a record for the purpose of ascertaining if there is error in it.  On the other hand, every reasonable presumption will be indulged in favor of the correctness of the judgment of a district court, and any ruling

of that court, alleged to be erroneous, must be specifically pointed out to be reviewed here."

There is no distinction between the assignments of error in this case and in the previous case relating to the overruling of objections to questions and exhibits making the defendant's character an issue, or that the court erred in overruling objections to testimony regarding other acts of the defendant which prevented him from having a fair and impartial trial. This subject matter is thoroughly discussed in our previous opinion.

The defendant has failed to meet the requirement of the law in his assignments of error. See Yost v. State, 149 Neb. 584, 31 N. W. 2d 538.

In Floyd v. Edwards, 152 Neb. 673, 42 N. W. 2d 292, this court said: "The decision of an appellate court becomes the law of the case, and the legal effect of evidence once determined will not be reconsidered where, without material change, it is again brought to the court on a second appeal."

And in Snyder v. Lincoln, 156 Neb. 190, 55 N. W. 2d 614, this court said: "When this court determines the law of the case on appeal, the trial court is bound thereby and its judgment in accordance therewith will not ordinarily be disturbed on a subsequent appeal. * * * The decision of an appellate court becomes the law of the case and the legal effect of evidence once determined will not be reconsidered here on a second appeal where there has been no material change in the evidence on the second trial." See, also, Hiatt v. Brooks, 17 Neb. 33, 22 N. W. 73; Meyer v. Shamp, 26 Neb. 729, 42 N. W. 757; City of Omaha v. Bowman, 63 Neb. 333, 88 N. W. 521; Porter v. State, 73 Neb. 792, 103 N. W. 669.

We believe that in the light of the afore-cited authorities the assignments of error contended for by the defendant are settled by our previous decision, and the doctrine of the law of the case prevails.

For the reasons given herein, the judgment on the verdict is affirmed.

AFFIRMED.