[No. 5,534.—Department One.]
May 26, 1882.

## THE CHICAGO TAYLOR PRINTING PRESS COMPANY
### v. NATHAN R. LOWELL.

REPLEVIN—PLEDGE BY CONSIGNEE OF GOODS—NOTICE.—Goods were shipped by the plaintiff to the California Type Foundry Company with the following written instructions; "as I wrote you before, I want you to keep these consignment goods as such—as my property until sold." While the property was still in the warehouse of the Railroad Company the consignee pledged the goods to F. Bros. and the property was then placed in defendants' custody to be kept in store for F. Bros.

*Held*: Passing the question whether the *mere possession* of property, under written instructions showing that the possessor has no title, would be sufficient evidence of ownership to protect the pledgee who advances his money on the bare statement of the possessor that he is the owner,—*in this case* the pledgor was not in the actual possession of the property at the time the loan was negotiated.   F. Bros. must have seen (from the letter of instructions), that the plaintiff was the owner of the property, had they required some evidence of title in the proposed pledgor as they ought to have done.

APPEAL from an order refusing defendant a new trial in the Third District Court of the City and County of San Francisco. McKEE, J.

*Henry E. Highton,* for Appellant.

The letter of instructions was not, like a bill of lading or an invoice, one of the usual documents accompanying a consignment of goods, and, therefore, its existence or contents not having been communicated to Forbes Bros. prior to the loan, it did not characterize the transaction or form part of the *res gestœ,* and on this ground was improperly admitted in evidence.

The letter of instructions on the claim of the respondent not having been brought to the knowledge of Forbes Bros., and the California Type Foundry Company asserting its ownership and having possession of the presses, the evidence showed that Forbes Bros. made all the inquiries they were called upon to prosecute.

The evidence showed that the California Type Foundry Company had ostensible authority to deal with the four presses as its own, and that it had been allowed by the respondent to assume the apparent ownership of the property for the purpose of making a transfer of it, and, therefore, the respondent could not set up its own title, if it had any, to defeat the pledge made by the California Type Foundry Company to Forbes Bros., who received the property in good faith, in the ordinary course of business, for value, and relying upon the representations and the actual possession of the company.

The leading case in this State, prior to the adoption of the Codes, was that of *Wright* v. *Solomon,* 19 Cal. 68, 70–77. This case, however, even if it were still an authority, would be inapplicable to this record, because the business of the California Type Foundry Company was not that of a factor or agent, and, the fact of agency in this particular instance not having been disclosed, it could not be reasonably claimed that Forbes Bros. dealt with the company as an agent or were charged with notice of the conditions under which the consignment was received.

The next case in this State, although not directly in point,

weakened the force of *Wright* v. *Solomon.* (*Goldstein* v. *Hort,* 30 Cal. 374–76.)

The next step was decisive. Here, as in England, and in New York and other States, the monstrous injustice of the law as previously declared was distinctly perceived, and a remedy applied by the Code Commissioners and the Legislature in the following enactments, which virtually wiped *Wright* v. *Solomon* out of existence. (C. C. §§ 2369, 2991; 2 Annotated Civil Code, 291, 295.) The new statute, to the full extent that is necessary for the purposes of this case, has been construed and applied by this Court. (*Green* v. *Campbell,* 52 Cal. 589, 590; and *vide Thompson* v. *Toland,* 48 id. 113; and *Green* v. *Campbell* is in harmony with the modern authorities. (Edwards on Factors and Brokers, §§ 56–59, pp. 78–82; *Cartwright* v. *Wilmerding,* 24 N. Y. 526–533; *McNeil* v. *Tenth National Bank,* 46 id. 329.)

*Leonard Reynolds,* for Respondent.

One who ships goods for sale on commission, and who does not entrust the consignee with any written *indicia* of title, is not required to see to it that the consignee exhibits the letter of instructions to parties dealing with him. On the contrary, it is the business of persons dealing with the consignee to call for the letter of instructions; and had Forbes Brothers done so in this instance they would not have lent money on a pledge of these goods. (*Wright* v. *Solomon,* 19 Cal. 72.)

The mere possession of goods is not a muniment of title, which will enable a factor or other agent to exceed his actual authority; and neither a factor, nor other agent, with power to sell, has by virtue merely of such power and the possession of the goods, without written *indicia* of title, any power to pledge the goods. (*Wright* v. *Solomon,* 19 Cal. 72; *Mc Neil* v. *Bank,* 46 N. Y. 329, 330; Story on Agency, §§ 78, 225–227.) The mere possession of another's property is not such evidence of ownership, that third persons have a right, as against the true owner to rely thereon. (*Spraights* v. *Hawley,* 39 N. Y. 448; *McNeil* v. *Bank,* 46 N. Y. 329, 330; *Ballard* v. *Burgett,* 40 N. Y. 314; *Robinson* v. *Haas,* 40 Cal. 479; *Putman* v. *Lamphier,* 36 id. 157; *Kohler* v. *Hayes,* 41 id.

457, 458.)   Mere possession, therefore, is not " apparent owner-
ship," within the meaning of Section 2991 of the Civil Code.
That section is merely declaratory of an existing rule.   (Story
on Agency, § 443.)

But the California Type Foundry Company did not have
the actual possession of the goods at the time the loan with
Forbes Brothers was negotiated.

The COURT:

The case shows that the presses in controversy were the
property of the plaintiff at the time they were pledged to
Forbes Bros. by the California Type Foundry Company.  The
goods were shipped by the plaintiff by rail from Chicago and
consigned to the California Type Foundry Company—three
of the presses being so consigned for Painter & Co., of San
Francisco, and the other press to be sold by the consignee for
the account of the plaintiff.   The consignment was accom-
panied by a letter of instructions from the President of the
plaintiff corporation to the Vice President of the California
Type Foundry Company, by which the latter was instructed,
in the event of Painter's refusing to receive the presses
shipped for him, to store them, and concluded with these
words:  "As I wrote you before, I want you to keep these
consignment goods as such—as my property until sold, and
well insured.   This last is very important."   None of the
goods were delivered to Painter & Co., but shortly after their
arrival in San Francisco, and while they were yet in the de-
pot of the railroad company, the Secretary of the California
Type Foundry Company applied to Forbes Bros. for a loan of
two thousand dollars, to secure which he proposed to pledge
the presses, at the time representing them to be the property
of the Company of which he was Secretary.   The member of
the firm of Forbes Bros. to whom the application was made,
after becoming satisfied of the sufficiency in value of the se-
curity, agreed to make the loan and did so accordingly.
When the loan was made, Faulkner, at the request of Forbes
Bros. placed the property in the defendant's custody as ware-
houseman, to be kept in store for Forbes Bros. as collateral
security for the money advanced by them.   Forbes Bros.
were ignorant of the letter of instructions accompanying the

consignment, but they made no inquiries concerning the ownership of the property or the authority of the California Type Foundry Company, or of Faulkner, to pledge it. It does not appear that the company was engaged in the business of factor, nor that there was ever any former dealing between it and the consignor.

We are of the opinion that the Court below rightly gave the plaintiff judgment for a return of the property, or its value. Plaintiff did not confer upon the California Type Foundry Company such an apparent title to, or power of disposition over it as will estop it from asserting its own title as against the pledgees. Passing the question whether the *mere possession* of property under written instructions showing that the possessor has no title, would be sufficient evidence of ownership to protect a pledgee who advances his money on the bare statement of the possessor that he is the owner, in *this case* the California Type Foundry Company was not in the actual possession of the property at the time the loan in question was negotiated. The property was then in the warehouse of the railroad company; and as is correctly said for the respondent, its possession by the railroad company was not evidence of title in the California Type Foundry Company. The latter had no bill of lading or invoice—nothing to evidence any title in it. But it did have the letter of instructions, from which Forbes Brothers must have seen that the plaintiff was the owner of the property, had they required some evidence of title in the proposed pledgor, as they ought to have done.

Order affirmed.