## C. D. RYAN v. O. G. STOWELL.

[FILED JANUARY 2, 1891.]

**Agent:** CANNOT PLEDGE PRINCIPAL'S GOODS.  While an agent entrusted with the sale of goods may, in the ordinary course of business, sell such goods and bind his principal, yet he cannot pledge the goods as security for his own debt, even though he give a chattel mortgage thereon and waive the foreclosure thereof.

ERROR to the district court for Dakota county.  Tried below before NORRIS, J.

*Jay Bros.*, for plaintiff in error, cited: *George v. Claggett*, 7 Term Rep. [Eng.], 359; *Sims v. Bond*, 5 B. & Ad. [Eng.], 398; *Thompson v. Davenport*, 2 Smith's Leading Cases, 374; *Kelley v. Munson*, 7 Mass., 319; *Ilsley v. Merriam*, 7 Cush. [Mass.], 242; *Huntington v. Knox*, Id., 371; Smith's Mer. Law, 140; 1 Parsons, Cont., 53; Chitty, Cont., 225; Story, Agency, 419; *Saginaw R. Co. v. Chappell*, 56 Mich., 190; *Hall v. Parker*, 37 Id., 590; *Brown v. Judge*, 42 Id., 501; *Atlas Min. Co. v. Johnston*, 23 Id., 36; *Trudo v. Anderson*, 10 Id., 357; *Hutchings v. Ladd*, 16 Id., 493; *Matter of Drips*, 3 Pa. L. J., 87; *Shinn v. Hicks*, 4. S. W. Rep. [Tex.], 486.

*Fair & Evans, contra,* cited: *Lipscomb v. Lyon*, 19 Neb., 515; Ewell's Evans, Agency, 405, and cases; Story, Agency [7th Ed.], secs. 213, 225; Wells, Replevin, secs. 312, 314; *Bertholf v. Quinlan*, 68 Ill., 297; *Bowie v. Napier*, 10 Am. Dec., 641; *McCreary v. Gaines*, 55 Tex., 485; *Switzer v. Wilvers*, 24 Kan., 384; *Stewart v. Woodward*, 50 Vt., 78; *Velsian v. Lewis*, 15 Or., 539; *Galvin v. Bacon*, 11 Me., 28; *Herron v. Hughes*, 25 Cal., 555; *Loeschman v. Machin*, 2 Stark. [Eng.], 311; *Hyde v. Noble*, 13 N. H., 494; *Wright v. Solomon*, 19 Cal., 64; 2 Kent's Com., 621, 625; *Whitney v. Bank*, 7 Wis., 520; *Kinder v. Shaw*, 2

Mass., 398; *Gray v. Agnew*, 95 Ill., 315; *Stoll v. Sheldon*, 13 Neb., 209; *Webster v. Wray*, 17 Id., 581; *Wilson v. Beardsley*, 20 Id., 451; *Howell v. Graff*, 25 Id., 130; *Conable v. Lynch*, 45 Ia., 84.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error, to recover the value of five windmills, of the value of $175, which windmills it is alleged the plaintiff in error had converted to his own use. The principal defense relied upon is set up in the answer as follows:

"Defendant further states that on the 14th day of June, 1887, one D. J. Ryan executed and delivered to the defendant a chattel mortgage on the property in the said petition set forth, which said mortgage was duly filed in the county clerk's office of Dakota county, in the state of Nebraska, on the said 14th day of June, 1887. That the said mortgage was given by the said D. J. Ryan to the defendant to secure the sum of $250 loaned to said D. J. Ryan by the defendant; that on or about the 1st day of April, 1888, the said D. J. Ryan turned the said property over to the defendant in payment of the said sum of money aforesaid, and by agreement waived the sale of the said property under the said mortgage; that the defendant is the owner of the said property."

On the trial of the cause a jury was waived and the cause submitted to the court, which found in favor of the defendant in error, and rendered judgment in his favor for the value of the windmills, with interest and costs, and this is the judgment which is the subject of review in this case. The testimony tends to show that one D. J. Ryan was the agent of the defendant in error for the sale of the "Star" windmill in Dakota and Dixon counties and adjoining territory in Nebraska; that the five windmills in question had been sent to him to sell on commission; that the mills were the property of the defendant in error, and

D. J. Ryan had no interest in them whatever; that his authority as agent was to sell the mills either for cash or approved paper, and transmit the same to his principal; that the mills were levied upon under an attachment against D. J. Ryan. The plaintiff in error thereupon advanced the money due upon the attachment and took a mortgage upon the windmills. He is a brother of D. J. Ryan, but so far as appears acted in good faith.

The only question for determination is the authority of D. J. Ryan to execute a chattel mortgage upon the windmills in question. The general rule is that an agent with authority to sell goods cannot mortgage them. (*Stevens v. Cunningham,* 3 Allen, 492; *Nash v. Mosher,* 19 Wend., 431; *Trudo v. Anderson,* 10 Mich., 357; *Ballou v. O'Brien,* 20 Id., 304; Wells on Replevin, sec. 314; *Chicago T. & P. R. Co. v. Lowell,* 60 Cal., 454; *Burton v. Curyea,* 40 Ill., 324; Cobbey on Replevin, sec. 213.) The rule as stated by Kent is, that though a factor may sell and bind his principal, he cannot pledge the goods as security for his own debt, even though there be the formality of a bill of parcels and a receipt. The principal may recover the goods of the pawnee, and his ignorance that the factor held the goods in the character of factor is no excuse. (2 Kent Com., p. 625.) This, we think, is a correct statement of the law.

The agent is not the owner of the goods. He is clothed with authority to sell, and in pursuance of such authority a sale made in the due course of business will transfer the title. Not being the owner, however, he cannot apply the property in the payment of his own debts or pledge it as security for such debts.

The act in regard to chattel mortgages or property in which the owner claims the legal title has no application to this class of cases.

The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.