No. 10,220.

WESTERN FINANCE AND DEVELOPMENT CO. v. FISHER.

Decided October 2, 1922.

Action involving the ownership of a motor truck. Judgment for intervener.

*Affirmed.*

1.  APPEAL AND ERROR—*Abstract.*   When a party desires the supreme court to review a judgment, he must present in his abstract all the material facts necessary to a complete and adequate understanding of the issues.

2.      *Objections First Raised on Review.*   Objections made for the first time in the appellate court, and which the trial court had no opportunity to pass upon, will not .be considered, except objections to the jurisdiction or in the nature of a general demurrer,

3.   *Rulings not Objected to.* Rulings and proceedings of the trial court to which no objection is made, may not be assigned as error on review.

4:   REPLEVIN—*Intervention.* Where a third party claims an interest in property taken under a writ of replevin, which is adverse to both plaintiff and defendant, he is entitled to intervene and have his rights determined.

5.   PERSONAL PROPERTY—*Pendente Lite.* Every person who takes personal property pendente lite, holds it subject to the right of the true owner to recover possession by appropriate action.

6.   REPLEVIN—*Duty of Plaintiff.* It is the duty of plaintiff in a replevin action to prosecute the suit to final determination, and be prepared to comply with the order of court touching the possession of the property in controversy which he has taken under a replevin bond.

7.   MOTOR VEHICLES—*Registration by Bailor.* There is nothing in the motor vehicle law, S. L. 1919, p. 533, which requires the bailor of a motor truck to register the same when it is left with a bailee for storage.

8.   PERSONAL PROPERTY—*Agency to Sell, not Authority to Pledge.* Where the owner of personal property leaves it with another with authority to sell, this does not confer the right to mortgage or pledge it.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. EVERETT OWENS, Mr. WILBUR F. DENIOUS, Mr. JOHN W. SLEEPER, for plaintiff in error.

Messrs. STOKES & SHERMAN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE action by The Western Finance and Development Company, as plaintiff, is to recover of the only defendant named in the complaint, the Service Truck Sales Company, a second-hand truck. Angeline Fisher was admittedly the owner of this truck, which she had left at defendant's gar-

age for storage, paying therefor at the rate of $4.00 per month.

The plaintiff, a domestic corporation, was engaged in lending money upon chattel security, and had made, or claimed to have made, a loan to the defendant company, and had taken from the borrower a chattel mortgage to secure its payment, in which mortgage was included a number of trucks, and among them Mrs. Fisher's truck. Apparently this mortgage was not paid at maturity, or, if not, the plaintiff, becoming doubtful as to the ability of the defendant to pay, brought the instant action. About this time the defendant company, in appropriate proceedings, was declared a bankrupt. This circumstance is not important here, but its existence probably explains why the truck company did not appear or defend in response to the summons served upon it. Angeline Fisher did not learn for several days after this suit was begun, that her truck was included in the mortgage and had been seized by plaintiff under a replevin writ issued in the action. She at once applied to the defendant, the bailee of her truck, for the return of the same to her, tendering the storage charges then due. She was informed by the defendant that The Western Finance Company had theretofore seized the truck under the writ of replevin mentioned. She thereupon demanded of the plaintiff, who is plaintiff in error here, the return of this truck to her and was informed that after the plaintiff company had acquired possession of the truck under the writ of replevin, it had sold the note and mortgage of the truck company to one H. R. Boyd, who claimed to have, and it seems did have, a second mortgage given by the defendant truck company, and in connection with such sale and transfer of these instruments had delivered to Boyd possession of the truck and, therefore, plaintiff informed Mrs. Fisher that it was not able to comply with her request. After demanding possession of Boyd, who refused to return the truck upon the ground that he had foreclosed the chattel mortgage and sold the vehicle, Mrs. Fisher filed in this action her petition of intervention under section 22 of

our Code, claiming to be the owner and asserting the entire interest in this truck adverse both to plaintiff and defendant. It was after this petition of intervention was filed, and in some proceeding in the main action, that the court, of its own motion, ordered Boyd to be made a defendant. Summons was served upon him and he appeared and, as a defendant, filed his answer to the petition of intervention in which he set up as a defense his claim as above stated. Neither the plaintiff nor the intervener asked to have Boyd made a party, but there was no objection by any interested party to the order of the court requiring Boyd to be brought into the case. Later and during the pendency of the action, the court of its own motion, set aside its order by which Boyd was made a defendant, and dismissed the action as to him.

The trial of the action, insofar as there was a trial, was between the plaintiff Finance Company and the intervener, Mrs. Fisher, the defendant truck company not defending, and defendant Boyd being then out of the case. Evidence was taken by both plaintiff and the intervener, and at the close of the trial, before the court without a jury by agreement, the court found against the plaintiff and in favor of the intervener, and upon such finding rendered a judgment ordering the plaintiff to deliver the truck to the intervener, or, in lieu thereof, to pay her $2,000, which the court found to be its value at the time the plaintiff seized it under its writ of replevin. It is to this judgment, obtained by intervener against the plaintiff below, that the latter is prosecuting this writ of error.

We might summarily dismiss the writ because of the defective, incomplete and misleading abstract of the record. It would be difficult, indeed, from the abstract alone, to determine what the issues are, or what issues were tried, what the testimony was, or what rulings, aside from the final judgment, the court made during the progress of the trial. Under our established rule, as well stated in *Shideler, et al. v. Fisher, et al.,* 13 Colo. App. 106, 57 Pac. 864, these defects in the abstract of record would justify

an affirmance of the judgment without any consideration of the errors which the plaintiff in error has assigned and discussed. When a plaintiff desires this court to review a judgment, he must present in his abstract all the material facts necessary to a complete and adequate understanding of the issues.

In the abstract of evidence the summary of the evidence begins with folio 320 and ends with folio 469, purporting to be an abstract of 149 folios, and which is comprised within 7 printed pages of the abstract. None of this evidence is fairly, clearly or fully abstracted, and the larger part of the vital and important evidence is entirely omitted. The abstract, moreover, does not even properly set forth the contents of the record proper. We do not dwell further on this omission and proceed to determine the case on the merits.

In the brief of plaintiff in error questions are discussed which are entirely without merit, even as abstract propositions. It is said that Boyd was improperly made a defendant. If so, it would have been error but the plaintiff in error may not object, for the first time, here. Neither the intervener, who is the only defendant in error, nor the plaintiff in error asked to have Boyd made a party defendant, nor did either of them ask to have set aside the trial court's order dismissing Boyd from the action. Why the court set aside its order and permitted Boyd to withdraw, the record does not disclose, but it makes no difference to the plaintiff in error whether the order making him a party or setting it aside, was or was not improper.

Another proposition is that one not entitled to replevy a chattel, has no right to intervene in an action of replevin between others. It is not at all difficult to show the fallacy of this contention. It is merely sufficient, however, now to say that the plaintiff Finance Company made no objection to intervener's intervention when the petition of intervener was filed, nor did it ask the court to rule on the propriety of her entrance into the case.

A further proposition is that an action of replevin can-

not be changed into an action of conversion at the instance of one who has leave to intervene in the replevin suit. We do not discover that there has been any attempt by the intervener to change or convert a replevin action into one of conversion; but if such an attempt had been made, and allowed by the court, there was no objection to it at the time by the plaintiff who filed its answer to the petition of intervention and traversed the issues of fact and voluntarily consented to, and participated in, the trial without any objection whatever to the alleged attempt.

Another proposition raised is that taking a note secured by a chattel mortgage executed by a person having possession of the chattel, and claiming to be the owner, is not a conversion and gives no right of action for conversion by the real owner of the property against the lender, who neither denies the right nor, upon demand, seeks to prevent the real owner from taking possession. As to this proposition we confess our inability to see its pertinency upon this review, not only for the reasons given in discussing the other propositions, but because no such objection was raised below and no opportunity was given to the trial court to pass upon it. The trial court had jurisdiction in a proper case, of the subject matter, and if the parties to the action consented to try the issues submitted in the petition of intervention, neither of them may, if that was improper, upon this review be heard to say that the action of the trial court in trying these issues, was wrong, unless it be for lack of jurisdiction of the subject matter.

A further error assigned is that at the time Mrs. Fisher made demand for the truck, neither the plaintiff Finance Company nor the truck company had possession of it, consequently Mrs. Fisher, the intervener, had no right of action against either of them in replevin. The large number of cases cited in support of this proposition are not germane to any question here involved. If, as contended by plaintiff in error, a plaintiff in replevin, after he has acquired possession of property under the writ, and before trial of the replevin action, may transfer to a third person

the property seized by the writ and thereby escape all liability to the true owner, we have not been furnished with any authority for the doctrine; and if any such authority had been presented, we would decline to follow it. The intervener has not, in the sense contended for by plaintiff, brought an action in replevin against either the plaintiff or the defendant, by filing her petition in intervention. The property at the time she made the filing was then, and still is, *in custodia legis*, subject to disposition by the court after trial and judgment. The section of the code, under which intervener came into the case, authorizes any person to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. Since the plaintiff Finance Company claims a right in the property, the basis of its suit being the mortgage of the truck company, which merely held this property in storage for the intervener, and since the defendant Boyd, who is no longer a defendant, derived his interest in the truck *pendente lite*, as plaintiff's assignee of the note and mortgage, it needs no argument to assist the judicial mind in arriving at the conclusion that intervener claims an interest in the property adverse both to the plaintiff and defendant, and, therefore, was entitled to intervene. There was no necessity for her, if she had that right, to institute an independent action in replevin against Boyd, if he was in actual possession, in order to establish her ownership and right of possession, since the property in question had been brought into the possession of the court and remained there at the time Boyd acquired his rights. This is pertinent here and controlling because, as we have said, the property was *in custodia legis* and would so remain without an order of the court to the contrary, as the result of its seizure in the replevin action and until the case was tried and decided. When Boyd was given possession of the truck by the plaintiff he, therefore, took only whatever title plaintiff had to it. Every one who takes property *pendente lite,* holds subject to the right of the true owner to recover possession in

that action as an intervener, or in a separate action, if that would lie. We, therefore, conclude that the intervener had the right to become a party to the replevin action instituted by the plaintiff, and to have her rights therein determined in that action, which would be binding both as against the plaintiff and defendant, or the defendants as the case may be, even though at the time she filed her petition of inter-- vention, neither of them was in the actual possession thereof. Neither was intervener obliged to have Boyd substituted, as a party defendant, in order to have her rights established as against him, and it is well to repeat that the plaintiff made no request to have Boyd brought in.

It was the duty of the plaintiff to prosecute its replevin suit to a final determination, and when it voluntarily parted with possession of the property, as it did to Boyd, it violated its replevin bond which required it to retain possession of the property until final determination and produce it to the court to be turned over, either to the defendant or the intervener, if the court so ordered. It is absurd to say that a plaintiff may violate at his pleasure all these principles of law and escape liability to the true owner of replevied property, by the mere device of transferring or delivering possession thereof to some third party. He may not thus and thereby cut off the right of the true owner to be heard in the replevin action which he himself instituted. None of the authorities cited by the plaintiff in error are in point under the facts of this case, but if a case, even by inference, recognizes such a doctrine, we decline to follow it.

A case of our own, *Cox, et al. v. Sargent, et al.,* 10 Colo. App. 1, 6, 7, 50 Pac. 201, is clearly in point in favor of the conclusion which we have reached. See also Cobbey on Replevin, (2d ed.), Sec. 706, and *Mohr v. Langan,* 162 Mo. 474, 63 S. W. 409, where it is said that one who obtains possession of property by writ of replevin has no right to sell or dispose of the same pending the settlement of the suit. In *Caldwell v. Gans,* 1 Mont. 570, the court says, if the plaintiff in a replevin suit, after giving the undertaking

or bond required by the code, should sell the property, the purchaser would acquire only the title of the plaintiff, which might be no title at all.

Under the doctrine of cases like these, and many others might be cited, the true owner, the intervener here, is not obliged to forego her right to intervene, and the mere fact of the transfer by the plaintiff to Boyd, before the replevin action was decided, does not operate to deprive her of the right to intervene and have the question of ownership and possession determined in the replevin action, even though when she filed her petition of intervention neither of them had actual possession thereof. If plaintiff's contention is sound, then each successive party who is fortunate enough to get possession of replevied property, before final determination of the plaintiff's action, might forever deprive the true owner of the right to have her ownership and right of possession determined therein. Courts will not permit such juggling to deprive the true owner of the right to be heard in a petition of intervention.

We may observe further that the plaintiff in error, which was plaintiff below, makes no serious contention that the intervener is not the true owner of this property. Indeed, when she demanded from it a return of the property, its officers expressed regret that they were unable to comply with her request because they had given possession to Boyd, and at the same time they offered to assist in, and pay all the costs of, a replevin suit against Boyd by which the plaintiff might have her right to the possession of the property determined. While this conduct of the plaintiff is an admission by it of intervener's right to possession, we question the good faith of the offer, if plaintiff really believed the law to be as contended for in its brief, that Boyd, not then having possession of the property, and having sold it at a foreclosure sale under the assigned mortgage, could not be called upon to respond in a replevin suit to establish his claims.

Another point made is that when the intervener left this truck with the defendant without registering the same as

her property in the office of the county clerk and recorder, she clothed the defendant with all the *indicia* of ownership, and may not now assert her right either of ownership or possession.   We find no provision of the Motor Vehicle Law, Session Laws, 1919, p. 533, which requires a bailor of personal property to register the same when the property is deposited with a bailee for storage purposes.   If, however, the plaintiff had left this truck with the defendant truck company for sale, the contention of the plaintiff in error is not worthy of consideration.   If there is any provision of the statute which is applicable, it is the one which the plaintiff says makes it unlawful for one to purchase a used truck, unless the same is properly registered.   Plaintiff in error seeks to shift to the intervener the duty of registering this truck when she left it for storage with the defendant, instead of admitting as it claims the law to be, that it was unlawful for a purchaser to acquire it by a conditional sale, since it was not registered.   If, however, we are in error as to this matter, the conclusive answer to plaintiff's contention is that if this truck was left by the intervener with the defendant for sale, the latter could not divest her title by pledging or mortgaging it for a debt of its own, even though it might,—though we do not say that it could,—give a good title if it sold for the benefit of bailor. A case directly in point upon the proposition that a pledgee, although he may have authority to sell, has not the authority to pledge, is *Silberfeld v. Solomon, et al.*, 70 Colo. 413, 202 Pac. 114, in which Justice Teller so states the law to be, quoting *Morsch v. Lessig*, 45 Colo. 168, 100 Pac. 431.

*Ryan v. Stowell*, 31 Neb. 121, 47 N. W. 637, is quite in point.   The court there states the true rule to be that a factor or an agent, with authority to sell goods, can not mortgage them, and while a factor "may sell and bind his principal, he cannot pledge the goods as security for his own debt, even though there be the formality of a bill of parcels and a receipt."   The court also said:  "The principal may recover the goods of the pawnee, and his ignorance that the factor held the goods in the character of

factor, is no excuse." The truck company not being the owner but holding merely as a bailee, or with authority to sell, can not, as was attempted here, apply the property in payment of, or pledge it as security for, its own debt. Neither our chattel mortgage act nor the Motor Vehicle Act applies to this class of cases.

Our conclusion is that some of the assignments of error are entirely lacking in merit, even if there was a complete record before us, and all other assignments cannot be raised by this plaintiff in error. Indeed, it is doubtful if this truck was included in the mortgage when it was executed. The plaintiff at different times lent money to the Service Truck Company and took chattel mortgages upon trucks to secure payment of the loans. The custom was, when the defendant truck company made a sale of any particular truck, to shift into the mortgage, in place of the disposed of truck, some other truck which the defendant company claimed to own. The vice-president of the defendant company testified that probably this loan of the plaintiff to the defendant was made, if at all, sometime before the intervener made the bailment. He also testified that the defendant company was only a bailee of the intervener's truck, had no authority to repair, sell or mortgage it, and plaintiff knew that the defendant did a storage business. The equities are all with the intervener. The judgment of the court is right and is accordingly affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.