IN RE ESTATE OF ELIZABETH BLACK.
JESSIE C. ROBINSON, APPELLEE, V. A. C. WITTERA, ADMIN-
ISTRATOR, APPELLANT.

FILED JUNE 16, 1933. No. 28543.

*Warren Pratt,* for appellant.

*George A. Munro, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

ROSE, J.

In the county court of Buffalo county, Jessie C. Robinson, creditor, presented a claim March 18, 1931, for $929.80 in the form of an account stated against the estate of her deceased mother, Elizabeth Black, debtor; A. C. Wittera, administrator. The account was stated February 1, 1927, and the time for the payment of the entire debt was then extended to February 1, 1930, without interest. The account enumerated three items—September 27, 1926, cash, $385; September 30, 1926, check for taxes, $244.80; February 1, 1927, cash, $300; total, $929.80. Objections to the claim and answers to the petition contained the following defenses: Each item a gift and demurrable; no memorandum in writing signed by debtor; general denial; barred by statute of limitations; void under statute of frauds. The county court allowed the claim in full. The administrator appealed to the district court where a jury was waived. Upon a trial of the issues there, judgment was rendered in favor of the creditor for $929.80 with interest from February 1, 1930, to the date of the decision, or for $1,075.70. The administrator appealed to the supreme court.

Upon appeal, the admission of incompetent evidence below is immaterial in a case tried to the district court without a jury, if the judgment is supported by sufficient evidence properly admitted. In reviewing the judgment herein assailed as erroneous, therefore, rulings on evidence will be disregarded and admissible evidence alone considered.

Uncontradicted, competent testimony of two qualified

witnesses not impeached was sufficient to prove the following summarized facts: February 1, 1927, Madelene West and Helena Hanson, witnesses, called upon Elizabeth Black at the home of her daughter, Jessie C. Robinson, creditor, and claimant, in Santa Monica, California. Then and there, in presence of the daughter and the callers named, the mother said she had borrowed money from her daughter at different times and wanted each of the callers to copy on something that could be kept for a record the amounts she had written on a pad of paper. She gave them the three items already described and said she had borrowed from her daughter $385 September 27, 1926, $244.80 for taxes September 30, 1926, and was then, February 1, 1927, borrowing $300. Each of the callers wrote these items on a slip of paper not signed. The time for payment of the entire amount due was extended for three years without interest, or until February 1, 1930. Mother and daughter agreed to these terms. The daughter at the time turned over to her mother $300 in bills. There is no proof that any or all the loans were gifts. The evidence outlined proved an account stated, which has been defined as "an agreement between persons who have had previous dealings determining the amount due by reason of such transactions." It implies a promise by the debtor to pay the debt. *Hendrix v. Kirkpatrick,* 48 Neb. 670.

An account stated may have items on one side only and two items may be sufficient for the purposes of the agreement. *Kock v. Bonitz,* 4 Daly (N. Y.) 117; *Cobb v. Arundell,* 26 Wis. 553. An account stated need not be in writing. *Watkins v. Ford,* 69 Mich. 357. The signing of an instrument was not necessary. *Brown v. Vandyke,* 8 N. J. Eq. 795; *Willis v. Jernegan,* 2 Atk. (Eng.) 249. The creditor was not required to plead or prove the items composing the account stated. 1 R. C. L. 219, 220, secs. 19, 21. By pleading and proving more than was necessary to make a case, the account stated was not destroyed as a binding obligation showing the amount due the cred-

itor. Immaterial allegations could have been treated as surplusage. Proof of single items in the account stated was not prejudicial to the estate.

Was the action on the account stated barred by the statute of limitations? It is argued that the debt incurred September 27, 1926, and the debt incurred September 30, 1926, were outlawed when the claim was filed in the county court March 18, 1931. In support of this position, reference is made to the statute barring actions on oral contracts after four years and requiring the written acknowledgment of a debt to preserve the remedy at law thereon beyond that period. Comp. St. 1929, secs. 20-206, 20-216. The position thus taken is untenable for the following reasons: An account stated, as already explained, creates a new cause of action in which pleading and proof of the original items of indebtedness are unnecessary. *McKinster v. Hitchcock*, 19 Neb. 100; 1 R. C. L. 219, 220, secs. 19, 21. "The simple rendering of an account between the parties and agreeing upon the amount due are sufficient facts on which to maintain an action." *Claire v. Claire*, 10 Neb. 54; *Hendrix v. Kirkpatrick*, 48 Neb. 670. The statute barring actions after four years runs from the date of the account stated, unless the time for payment is extended by agreement. 1 R. C. L. 219, sec. 18. In the present instance the date of the account stated was February 1, 1927, and the debt was payable by agreement three years thence, or February 1, 1930. Under the statute cited, the cause of action on the account stated would not be barred before February 1, 1934. The claim was filed March 18, 1931. The statute requiring written acknowledgment of a debt to preserve the right to sue on it, after expiration of the four-year period for commencing an action thereon, might have been applicable to the original items, except for the merger in the new agreement, but did not bar the account stated. 37 C. J. 771. The statute of limitations begins to run against a valid account stated when the parties to it agree upon the amount due from one to the

other, but does not bar an action thereon by continuing to run against original items merged in the total indebtedness. In absence of fraud or mistake, the parties mutually exercised the contractual right to agree on the sum of the unpaid debts that were due from one to the other. Thereafter the items composing the account stated had no independent existence for the purposes of the present cause of action. This feature of the defense pleaded is therefore without merit.

It is further argued as a defense that payment was not to be made within a year, that there was no written memorandum of the agreement, and that, therefore, the account stated was void under the statute of frauds. Comp. St. 1929, sec. 36-202. By the account stated the debtor got the benefit of full performance by the creditor within a year. The time of payment was extended three years without interest. Though the debt was due when the account was stated, the debtor had the creditor's money with the privilege of retaining it three years. The only unperformed obligation was payment by the debtor. There was full performance by the creditor within a year. Oral agreements wholly performed on one side within a year are not void under the statute of frauds. *Kendall v. Garneau,* 55 Neb. 403; *Griffin v. Bankers Realty Investment Co.,* 105 Neb. 419. There was no meritorious defense to the cause of action pleaded and proved by the creditor.

AFFIRMED.