EDWARD J. THOMAS, APPELLANT, V. C. H. SHELDON COMPANY ET AL., APPELLEES.

288 N. W. 546

FILED NOVEMBER 24, 1939. No. 30686.

*G. N. Anderson* and *Dudley Thompson*, for appellant.

*Charles H. Sheldon, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

SIMMONS, C. J.

This is an action for damages tried to the court, a jury being waived. Judgment was for the defendants. Plaintiff appeals.

The first pleading, shown by the transcript, is plaintiff's "Third Amended Petition," filed October 4, 1937. Plaintiff for his first cause of action alleges that on or about August 17, 1931, the plaintiff and the defendants entered into a written agreement whereby the plaintiff "was to furnish pasturage for 250 head of cattle for the defendants until the first day of December, 1931, for the sum of $400." A copy of the alleged agreement was attached to the petition. Plaintiff alleged that the defendants placed 480 head of cattle in the pasture, that "the value of the pasturage for said 230 cattle was the sum of $368 from August 17, 1931, to the first day of December, 1931, at which latter date the said cattle were taken out of the pasture by the defendants;" that no part thereof has been paid; and prayed judgment therefor.

For his second cause of action plaintiff alleged that on the land rented to the defendants, at the time of renting, there were 18½ stacks of hay, each stack containing 5 tons, valued at $3 a ton; that defendants' "cattle did eat up 8 stacks of the value of $120," and from the remaining 10½ stacks "did eat and destroy * * * hay to the value of $100, being all of the value of $220 * * * at the time the cattle were taken out of the pasture on December 1, 1931," and plaintiff prayed judgment for said sum.

The transcript does not show service of summons or other process upon the defendants.

The next instrument shown in the transcript is defendants' amended answer filed April 2, 1938. It consists of a general denial, an admission of the execution of a lease by the parties, and allegations as follows: That the lease attached to the petition is not the lease which the parties executed; that the hay alleged to have been destroyed was old, decayed, contained weeds, and had no salable value; that the cattle of defendants were taken out of the plaintiff's

land on or before November 10, 1931; that the lease entered into by the parties terminated November 1, 1931; that the petition of the plaintiff was filed herein on November 27, 1936, and that, if any cause of action arose as alleged by the plaintiff, it is barred by the statute of limitations; that the defendants had settled with the plaintiff for said claims by the payment of $30 on July 27, 1932; that another action was pending on the same causes in Nance county. By reply, plaintiff alleged that the payment of $30 was for another matter not involved in this action. There are also allegations as to the legal description of the land not now material here.

The sufficiency of the pleadings to raise the issues presented does not appear to have been questioned in the court below, and they are not questioned in this court.

Plaintiff testified that the defendants put 480 head of cattle in the pasture for two and one-half months; that the consideration recited in the lease had been paid; that nothing was paid for the extra cattle; that he received $30 for mowing and raking certain hay; and testified rather indefinitely as to the amount and value of the hay taken and destroyed.

The copy of the lease attached to the petition recites: "The fences are to be put in order by the party of the first part (plaintiff). The number of cattle to be put into the above pastures shall be 250 head. All hay destroyed must be payed at the price at the time the cattle is taken out." The lease offered in evidence shows in typewriting: "The fences are to be put in order by the party of the first part. The number of cattle to be put into the above pastures shall be" (then follows an obvious erasure, and then written in pen is the following:) "250 head. All hay destroyed must be payed at price at the time the cattle was tokened out of pasture." Plaintiff on cross-examination testified that he made the erasure and changes and put in the part in ink "after I counted the cattle" in the pasture; that the change was made after the lease was signed and without the consent of the defendants; that the words erased were some-

thing like "shall be determined by the party of the second part (defendants) ;" that there was nothing in the lease about 250 head of cattle before the lease was changed; that he added the provision about payment for hay destroyed after·the lease was signed and without the consent of the defendants; that he discussed the question of extra cattle in the pasture and the stacked hay with his attorney before he accepted the $30 settlement, but contended that the payment had nothing to do with hay in the stack.

The defendants' evidence clearly establishes that more than 250 head of cattle were in the pasture and that the number to be placed in the pasture was to be determined by the defendants; that the cattle were removed from the pasture not later than November 10, 1931; that there was some damage to hay, but that the hay was no good except for bedding; that these matters were all settled in September, 1932, by the payment of the $30 by check indorsed "In full settlement Ed Thomas a/c."

The trial court found generally for the defendants "upon the issues joined" (without specific findings of fact) and dismissed both causes of action at plaintiff's costs.

Plaintiff assigns as error that the findings and judgment of the court are not sustained by the evidence; that the judgment is contrary to law; and that certain evidence was improperly admitted.

This court has held: "Upon appeal, the admission of incompetent evidence at the trial below is immaterial in a case tried to the district court without a jury, if the judgment is supported by sufficient competent evidence." *In re Estate of Black,* 125 Neb. 75, 249 N. W. 84.

Disregarding the evidence to which plaintiff objects, the finding of the trial court may be sustained. No other judgment would have been proper under the pleadings, the evidence of the plaintiff, and the undisputed evidence of the defendants.

We have carefully examined the record and find no prejudicial error therein. The judgment of the trial court is

AFFIRMED.