GEORGE FLOYD, ADMINISTRATOR OF THE ESTATE OF ARTHUR FLOYD, DECEASED, APPELLANT, V. FLOYD EDWARDS, APPELLEE.

42 N. W. 2d 292

Filed April 20, 1950. No. 32774.

*Hubka & Hubka,* for appellant.

*Jack, Vette & Elliott,* for appellee.

Heard before CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This case concerns a claim for damages for the death of Arthur Floyd alleged to have resulted from the negligent operation of a motor vehicle. The automobile was owned and maintained by appellee as a family car. It was operated at the time of the accident by his infant son, Lester Edwards. Deceased was struck by the car while he was upon a street of the city of Beatrice in the nighttime and his death resulted soon thereafter from the injuries inflicted upon him. Appellant is the legal representative of the estate of the deceased.

A jury was waived and trial had to the court. The court resolved the case in favor of the appellee and entered a judgment of dismissal. A motion of appellant for new trial was timely made and denied. He has appealed.

The case is here for a second time. The evidence at each trial was identical. The transcript of the evidence at the first trial as contained in the bill of exceptions used in this court on the first appeal was, by agreement of the parties, made the evidence on the second trial.

It was determined on the former appeal that there was no evidence of contributory negligence of the deceased; that the evidence did not establish that appellee was chargeable with negligence as a matter of law; and that the evidence on the issue of negligence of the driver of the automobile was sufficient to create a question of fact. The case was reversed because of the error of the court in submitting to the jury the issue of contributory negligence. Floyd v. Edwards, 150 Neb. 41, 33 N. W. 2d 555. The conclusion of the court as to each of these matters became the law of the case and controls all proceedings had thereafter insofar as they were or are involved. The evidence of each trial was identical and the determination on the first appeal that

the evidence was sufficient to create a question of fact as to the negligence of the operator of the automobile in the respects charged became the law of the case binding upon the parties, the district court, and this court. The decision of an appellate court becomes the law of the case and the legal effect of evidence once determined will not be reconsidered where, without material change, it is again brought to the court on a second appeal. Kline v. Metcalfe Construction Co., 148 Neb. 357, 27 N. W. 2d 383; Callahan v. Prewitt, 143 Neb. 793, 13 N. W. 2d 660; Lawson v. Union P. R. R. Co., 113 Neb. 745, 204 N. W. 791; Tyler v. Estate of McDougal, 130 Neb. 633, 265 N. W. 887; De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540.

The question in controversy, as stated by appellant, is whether or not the findings of fact made by the district court are supported by the evidence. He contends and asks this court to determine that they are each clearly wrong. This court is precluded by the long established rule of procedure, above stated, applicable to this case and binding upon it and the parties. If the findings made on the retrial of the case had been favorable to appellant, the doctrine of the law of the case would have operated in his favor and appellee would have suffered the disadvantage of it. The conclusion arrived at on the first appeal permitted a finding from the evidence of either negligence or absence of negligence. The district court precisely regarded the decision rendered on the first appeal and there is no fault in its findings. Findings of the district court in an action at law, trial by jury having been waived, have the effect of a verdict of a jury. Foltz v. Brakhage, 151 Neb. 216, 36 N. W. 2d 768.

The judgment should be and is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.