JULIUS SCHMIDT, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

51 N. W. 2d 759

Filed February 15, 1952. No. 33102.

*John E. Mekota,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Julius Schmidt brings this error proceeding from his conviction in the district court for Saline County of the charge of unlawfully operating a motor vehicle

upon the highways in Saline County while under the influence of alcoholic liquor.

In this opinion we will refer to the petitioner in error as the defendant.

Defendant's primary contention is that the evidence adduced is not sufficient to sustain the conviction.

We held in Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873: "This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt."

The State offered the evidence of the arresting officer, State Safety Patrolman Winston L. Flowers. He testified that during the evening of October 2, 1950, at about 9:30 p. m., he observed defendant's car going north on State Highway No. 82 a short distance north of Wilber, Nebraska; that because of the manner in which the car was being driven he followed it for about two miles; that while he followed it the car swerved back and forth; that he stopped the car and defendant was driving it; that he smelled a heavy odor of alcohol about defendant; that he found two pint bottles of liquor in defendant's car with the seals broken, one being whiskey and the other peppermint schnapps; that as defendant walked from his car to the patrol car he staggered and swayed; that he brought defendant to the jail in Wilber; that when defendant got out of the patrol car at the jail he staggered and almost fell; that he gave defendant some tests while at the jail and testified to defendant's reaction thereto; that defendant was quarrelsome; and that based on what he observed he was of the opinion defendant was under the influence of intoxicating liquor.

The State also offered the evidence of Richard Shestak, a deputy sheriff of Saline County, who observed defendant that night at the jail in Wilber when he was brought there by patrolman Flowers. Shestak testified he saw defendant that night and observed his unsteady condi-

tion, his quarrelsome and belligerent attitude, and from what he observed thought defendant was under the influence of liquor.

We think the evidence presented a case for the jury and that the jury's verdict of guilty is sufficiently supported by the evidence adduced.

The defendant further contends that the court erred in admitting, over objection, certain testimony of Charles Mundil, a witness for the State. Mundil testified that on the evening in question while driving a truck south on State Highway No. 82 just north of Wilber he met a car coming toward him that "* * * was too close for comfort and I pulled over." The basis for the objection is insufficient foundation based on the fact that the car was not identified as belonging to defendant.

We think this contention is without merit. The foundation as to the car Mundil referred to being defendant's is fully established by the State's witnesses patrolman Flowers and Richard R. Kacl. Kacl was riding in the cab of the truck with Mundil. Kacl testified it was defendant's car as he had observed the license number. Flowers, who was following defendant's car, also testified to the incident of defendant's car crowding a truck over onto the shoulder of the highway.

But assuming that no sufficient foundation had been laid from which the jury could have found that the car Mundil referred to was defendant's, still we do not think the nature of the evidence is of such a character, in view of the entire record, that it could be said it would have prejudiced defendant's rights.

Finding defendant's contentions to be without merit, and it appearing from the record that defendant had a fair trial, we affirm the verdict and sentence of the trial court.

AFFIRMED.