THURE E. PETERSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
61 N. W. 2d 263

Filed November 20, 1953. No. 33377.

*Richard O. Johnson*, for plaintiff in error.

*Clarence S. Beck*, Attorney General, and *Ralph D. Nelson*, for defendant in error.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Plaintiff in error Thure E. Peterson was found guilty by the district court for Lancaster County of operating a motor vehicle upon the highways of said county while under the influence of alcoholic liquor. He was sentenced accordingly.

In this respect section 39-727, R. R. S. 1943, provides, as far as here material, as follows: "It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug. Any person who shall operate or be in actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows: (1) If such conviction is for a first offense, such person shall be imprisoned in the county jail for not more than thirty days, or shall be fined not less than fifty dollars nor more than one hundred dollars, or both, and shall be ordered by the court, as part of the judgment of conviction, not to drive any motor vehicle for any purpose for a period of not to exceed one year from the date of his final discharge from the county jail, or the date of payment or satisfaction of such fine, whichever is the later; * * *."

Plaintiff in error complains primarily of the admission in evidence of the results obtained from an analysis of his urine as to alcoholic content. The sample used for this purpose was given to the arresting officer shortly after

plaintiff in error was taken into custody. The analysis thereof was made later the same day by a chemist in the employ of the State Department of Health, who made a report thereof. Objections were made to the admission thereof. Plaintiff in error's brief is primarily devoted to discussing reasons why such objections should have been sustained and why the report, or the results shown thereby, should not have been received in evidence. In view of what is hereinafter said, the question of whether or not these objections should or should not have been sustained and the report, or the results shown thereby, should or should not have been received in evidence becomes immaterial.

Trial by jury was waived. This plaintiff in error had a right to do. As stated in Miller v. State, 116 Neb. 702, 218 N. W. 743: "While one charged with a statutory misdemeanor has a right to demand a trial by a jury of the county where the offense is alleged to have been committed, yet the great weight of authority, and the better view, is that the defendant in such a case may waive his right to a jury trial. 35 C. J. 199, sec. 106, and cases there cited."

This is further evidenced by the holding in Bell v. State, 104 Neb. 203, 176 N. W. 544, where it was held: "It is within the power of the legislature to enact a law declaring possession and transportation of intoxicating liquors to be misdemeanors, and providing that violators of the law may be tried before magistrates and police courts without a jury, where the penalty does not exceed a fine of $100 or imprisonment for three months."

It should be remembered this has no application in cases where a party is charged with a felony for as stated in Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007: "The judge of a district court has no jurisdiction to try and determine the guilt or innocence of a defendant charged with a felony who pleads not guilty, without a trial to a jury, and such jurisdiction cannot be conferred by consent of the accused."

As stated in 3 Am. Jur., Appeal and Error, § 816, p. 357: "The mode of trial in the lower court may affect the scope of the review both by reason of statutory provisions and because consent to a particular mode of trial may operate as a waiver of the right to have certain questions reviewed."

Beginning as early as Richardson v. Doty, 25 Neb. 420, 41 N. W. 282, and as recently as Snyder v. Lincoln, 156 Neb. 190, 55 N. W. 2d 614, this court has consistently held: "In an action at law, tried to the court without a jury, the erroneous admission of evidence is immaterial on appeal where the judgment below is sustained by sufficient competent evidence. In re Estate of Black, 125 Neb. 75, 249 N. W. 84; Elmcreek Ditch Co. v. St. John, 127 Neb. 253, 255 N. W. 16; Thomas v. Sheldon Co., 137 Neb. 181, 288 N. W. 546."

For a list of cases so holding see Nebraska Digest, Appeal and Error, Key No. 1054 (1).

The reason for this rule is well stated in 3 Am. Jur., Appeal and Error, § 940, p. 504, as follows:

"When, in a case tried before a jury, error in the admission of evidence is disclosed, or improper or incompetent evidence is introduced by reason of an erroneous ruling, the error will generally be presumed to be prejudicial, at least in cases where the evidence improperly admitted was of an influential character, and unless that presumption is rebutted, or it legally appears that the objecting party was not prejudiced thereby, the judgment will be reversed. In trials before a jury, the presumption is that the jury considered whatever evidence was laid before it.

"In equity cases and in an action tried before the court without a jury, the judgment will not be reversed on appeal because of the admission of incompetent evidence on the trial, unless the record shows affirmatively that the action of the trial court was influenced by such evidence. The presumption, in such a case, is that the incompetent evidence was finally disregarded by the court,

and that the trial judge considered only the competent evidence adduced, in the absence of anything in the record that shows affirmatively that the action of the trial court was influenced by the incompetent evidence. This presumption, however, loses its force when it reasonably appears from an inspection of the record that the incompetent testimony did influence in some degree the action of the trial court in rendering the particular judgment."

As stated in 3 Am. Jur., Appeal and Error, § 1040, p. 595: "A conviction in a case tried without a jury will not be reversed on appeal for admission of improper evidence unless the court can see that the accused was prejudiced by the error."

The rule is the same in criminal cases, where a jury can be waived, as evidenced by the following from Birmingham v. State, 228 Wis. 448, 279 N. W. 15, 116 A. L. R. 554: "The rule which this court applies in reviewing a finding of a trial court, in either a civil or a criminal case, tried to the court, is that it is presumed that improper evidence taken under objection was given no weight in reaching the final conclusion unless the contrary appears." See, also, Ward v. State, 26 Ga. App. 61, 105 S. E. 373; People v. Jorczak, 366 Ill. 507, 9 N. E. 2d 227; State v. Mason, 85 Ohio App. 186, 83 N. E. 2d 807.

The finding of guilt by the trial court is sustained by sufficient competent evidence in the testimony of patrolmen James J. Kontos, Donald E. Mayhew, and Winston L. Flower of the Nebraska Safety Patrol. See, Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462; Schmidt v. State, 155 Neb. 369, 51 N. W. 2d 759; Poppe v. State, 155 Neb. 527, 52 N. W. 2d 422; Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56.

AFFIRMED.

CARTER, J., participating on briefs.