ALLSTATE INSURANCE COMPANY, A CORPORATION, APPELLEE,
v. SEBASTIAN ENZOLERA, APPELLANT.

81 N. W. 2d 588

Filed March 8, 1957. No. 34079.

*Louis T. Carnazzo, Joseph A. Troia,* and *Paul J. Garrotto,* for appellant.

*Mecham, Stoehr, Rickerson & Sodoro,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in replevin by Allstate Insurance Company, a corporation, plaintiff and appellee, against Sebastian Enzolera, defendant and appellant. The case was tried to the court, a jury having been duly waived. The judgment was in favor of the plaintiff and against the defendant. A motion for new trial was duly filed and by the court overruled. From the judgment and the order overruling the motion for new trial the defendant has appealed. The assignments of error are that the judgment is contrary to law; that the judgment is contrary to the evidence; and that the evidence is insufficient to sustain the allegations of plaintiff's petition.

In order to properly understand the matters pre-

sented for review on this appeal it appears necessary to review the background of the controversy. In doing so an effort will be made to respect the chronology of events as they occurred.

The first step in this chronology is a certificate of title to a Chevrolet automobile bearing number 0234946F54Y issued by the Department of Highways, Division of Motor Vehicles, of the State of Delaware, to one James V. Matha on February 8, 1954. This certificate is in evidence without any challenge as to its authenticity or as to foundation for its admission. This is true as to all other exhibits in the bill of exceptions. The basis upon which the certificate was issued does not appear. No facts have been disclosed showing, or from which a legal inference could flow, that any irregularity was involved in the issuance of the certificate.

Thereafter James V. Matha, on March 11, 1954, in San Diego, California, sold the automobile to one Fred Richter for $1,950. The transfer was made to Richter on the basis of the Delaware certificate of title. Matha signed in blank a form of assignment on the back of the certificate. He also gave Richter a bill of sale. He also signed in blank his registration card from the State of Delaware. At the same time on the basis of these documents Richter made application for a certificate of ownership and for a registration card from the Department of Motor Vehicles of the State of California. The application was accepted and the certificate and card were issued. They were not issued on that date but were issued on March 29, 1954. In the presentations of the parties no significance is attached to this delay.

On March 21, 1954, the automobile was stolen from the garage of Richter in San Diego, California. On discovery of the theft Richter notified the agent of the plaintiff herein. The plaintiff was his insurance carrier. This particular automobile had not been directly insured but by the terms of a policy of insurance on another automobile theft insurance attached to this one.

The insurance was paid to Richter by the plaintiff and Richter transferred his title to plaintiff. Apparently thereafter, on or about April 29, 1954, the plaintiff obtained an assignment of the certificate of ownership from Richter and thereafter on May 11, 1954, received a certificate of title from the State of California.

On April 5, 1954, James V. Matha obtained a Nebraska certificate of title from the county clerk of Otoe County, Nebraska. This certificate was issued to him on the basis of a duplicate copy of a certificate which had been issued to him by the clerk of courts of Portage County, Ohio, on February 23, 1954. By recital on the face of the certificate it appears that the original had been issued to him on February 5, 1954.

On April 6, 1954, James V. Matha sold the automobile to the defendant and on the basis of the certificate which Matha had obtained from the county clerk of Otoe County, the defendant obtained a certificate of title from the county clerk of Sarpy County, Nebraska.

On the facts as outlined and the law, the plaintiff contends that Richter had title and the right to possession of the automobile at the time it was stolen and that as successor to those rights the plaintiff is entitled to recover it. It urges that nothing has taken place which has in any wise impaired that right.

On the other hand the defendant insists that he is an innocent purchaser for value and that on the evidence and law he is entitled to be adjudged the true owner and title holder of the automobile.

On the record made it must be assumed that, there being no evidence to the contrary, Richter became the owner of the automobile with an unimpaired title thereto and that thereafter while he was the owner of the same it was stolen from him. He obtained his possession and title pursuant to a certificate of title issued to Matha in the State of Delaware which insofar as the record is concerned was regular in form and substance. Also there is no evidence that it was not issued on proper

authority. On the basis of this certificate, assigned to Richter by Matha, and the purchase of the automobile, Richter was duly issued a certificate of title and a registration certificate by proper authority in the State of California. The regularity of the issuance of this certificate under the laws of California is not brought into question. The sufficiency of the transfer of the Delaware certificate within the meaning of the laws of that state is raised, but it is not pointed out how that did or could impair the right of Richter to obtain in good faith a certificate of title in California under the laws of California to an automobile, the title to which was not at that time in any wise impaired.

In the light of these facts and well-established principles of law neither the thief nor anyone taking through him took or could take any title to the automobile. Richter remained the owner with the right to recover possession of it wherever found, subject however to the right of a transferee to take it instead, in case Richter had transferred his title and interest. It should be said here that the defendant does not contend herein that the right of Richter to recover, if he had such right, has not passed to the plaintiff.

The rule applicable is the following, as stated in State ex rel. Sorensen v. Nebraska State Savings Bank, 127 Neb. 262, 255 N. W. 52: "Generally, a thief can acquire no title to stolen property, nor can title to personal property be acquired through another's larceny or theft." See, also, Snyder v. Lincoln, 150 Neb. 580, 35 N. W. 2d 483. This case was before the court again in 153 Neb. 611, 45 N. W. 2d 749, and 156 Neb. 190, 55 N. W. 2d 614, but there was no departure from the foregoing pronouncement.

The defendant urges that this rule is not controlling in the case at bar. In effect he urges that the certificate of title provisions of the Nebraska Motor Vehicle Act and the decisions of this court protect him against the claims of the plaintiff.

Section 60-105, R. S. Supp., 1955, provides in part: "No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, * * * sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this act."

In interpretation and application of section 60-105, R. R. S. 1943, which contained the same substance as this provision, the following was said in Loyal's Auto Exchange, Inc. v. Munch, 153 Neb. 628, 45 N. W. 2d 913: "A subsequent purchaser for value of the automobile, who obtains the certificate of title by complying with the statutory requirements relating thereto, obtains the title and ownership thereof. His title and ownership are superior to any rights which the first purchaser may have."

The defendant herein, as pointed out, obtained a Nebraska certificate of title to this automobile and on the basis of this statute and this interpretation he insists that his title is secure. His insistence however is without merit.

It is to be observed that the recognition required by the statutory provision and the decision is a certificate "duly" issued. This term implies, we think, that the issuance must be based upon a proper background of authority. If there could be any doubt as to this it has been removed by the later decisions of this court.

In Snyder v. Lincoln, 156 Neb. 190, 55 N. W. 2d 614, in explanation in part of what was said in Loyal's Auto Exchange, Inc. v. Munch, *supra,* it was said: "We did not say that the possession of a certificate of title was an absolute muniment of title. A thief with a certificate of title to a stolen automobile does not divest the owner of his right to take it wherever he can find it. A certificate of title is essential to convey the title to an automobile, but it is not conclusive of ownership. It is simply the exclusive method provided by statute for the trans-

fer of title to a motor vehicle. It conveys no greater interest than the grantor actually possesses." See, also, Terry Bros. & Meves v. National Auto Ins. Co., 160 Neb. 110, 69 N. W. 2d 361; Burns v. Commonwealth Trailer Sales, 163 Neb. 308, 79 N. W. 2d 563.

It is clear that Matha did not obtain his certificate of title in the manner provided by statute. Section 60-106, R. R. S. 1943, as amended by the laws of 1953, contains the provision applicable in the present instance, as follows: "If a certificate of title has not previously been issued for such motor vehicle in this state, such application, * * * shall be accompanied by * * * a certificate of title, a court order issued by a court of record, * * * or an assigned registration certificate, if the law of the other state from which such motor vehicle was brought into this state does not have a certificate of title law. The county clerk shall retain the evidence of title presented by the applicant and on which the certificate of title is issued." Within the meaning of this statute Matha, at the time he obtained his Nebraska certificate, had no valid indicia of a right to receive a certificate of title under the laws of Nebraska.

As has been pointed out this automobile was registered on the basis of a document which came from Ohio. The State of Ohio at the time had a certificate of title law, but the document presented by Matha was not a certificate of title. As shown on its face it was a duplicate issued 18 days after a certificate which, so far as known here, was proper and in due form.

Apparently a true certificate of title issued pursuant to the Ohio statutes may be relied upon as evidence of title and of the right and power to convey an automobile. Significantly though this is not true of a duplicate certificate.

Section 4505.08, Page's Ohio Revised Code Annotated, provides for the issuance of certificates of title. It contains no restrictions upon the title represented by the certificate. Section 4505.12 provides for the issuance

of duplicate certificates in the event originals are lost or destroyed. This section contains the following: "Said certified copy and all subsequent certificates of title issued in the chain of title originated by said certified copy shall be plainly marked across their faces 'duplicate copy,' and any subsequent purchaser of said motor vehicle in the chain of title originating through such certified copy acquires only such rights in such motor vehicle as the original holder of said certified copy himself had."

. Permission for the issuance of duplicate certificates and transfer of automobiles based thereon in this state is also found in the statutes of this state. § 60-112, R. R. S. 1943. The Nebraska statutes do not put a purchaser who buys an automobile and takes through a duplicate certificate on notice of possible impairment of title in the same manner as is done under the Ohio statute, but such purchaser is not left without warning. Section 60-112, R. R. S. 1943, with respect to purchases pursuant to duplicate certificates, contains the following: "Any purchaser of such motor vehicle may at the time of such purchase require the seller of the same to indemnify him and all subsequent purchasers of such motor vehicle against loss which he or they may suffer by reason of any claim or claims presented upon the original certificate."

It becomes apparent therefore that neither under Ohio nor Nebraska statutes could the defendant contend that he obtained the paramount title to the automobile in question. He took it subject to the valid title which, as disclosed by the evidence, was at the time he obtained it, in Richter. This being true, and it being made to appear that title was duly transferred to the plaintiff, the judgment of the district court should be and is affirmed.

AFFIRMED.