Matthias, J.
This cause once again brings before us the interpretation of Section 4505.04, Revised Code, which reads in part as follows:
“No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
“(A) By a certificate of title or a manufacturer’s or importer’s certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.”
The primary question before us is the validity of the title of a bona fide purchaser of a stolen automobile, where his title is evidenced by a certificate of title valid on its face and issued under the Ohio Certificate of Motor Vehicle Title Act.
A secondary question and one that must be disposed of first is whether plaintiff has sufficient evidence of title in view of the provisions of Section 4505.04, Revised Code, to prosecute his claim in an Ohio court.
It is axiomatic that a plaintiff in an action in replevin must prevail upon the strength of his own right to possession and *389 cannot prevail upon the weakness of the defendant’s right to possession.
Plaintiff’s claim is based upon a lien noted upon an Illinois certificate of title, which certificate, if it had been issued in Ohio, would be admissible in evidence in an action in replevin to substantiate plaintiff’s claim.
The fact that plaintiff’s claim is based upon a certificate of title issued by another state in no way detracts from its validity or its admissibility in evidence. Under the full faith and credit clause of the Constitution of the United States, we must recognize such claim as long as it does not contravene our public policy, and we must recognize it totally. That is, we must not only recognize the validity of the claim but must also allow the indicia of the claim to be admitted in evidence so that the claim may be enforced. To hold otherwise would be an empty recognition of such claim. This court in Gibson v. Bolner, 165 Ohio St., 357, held that such evidence of ownership must be recognized by an Ohio court. The second paragraph of the syllabus in that case states:
“An out-of-state certificate of title is a public act and record of the state where issued and as such is entitled to full •faith and credit in the courts of Ohio, provided that the according of full faith and credit to such certificate does not do violence to the established policy of Ohio as expressed in its statutes.”
In the course of the opinion, joined in unanimously by the members of the court, it was stated by Bell, J., at page 361:
“The Florida certificate of title was admitted in evidence in the court below. It represents a public act and record of the state of Florida and as such was entitled to be accorded full faith and credit by the Ohio court. . The policy of the Ohio title law is to protect the owners and mortgagees of motor vehicles. The noting of Bartlett’s lien on the Florida certificate was in accord with the public policy of Ohio as expressed in its statutes. The Florida certificate should therefore have been recognized as according priority to Bartlett.”
Clearly, therefore, in an action in replevin in a court in this state, a holder of a lien upon a motor vehicle which is properly endorsed on a certificate of title issued by another state may *390 have such certificate admitted in evidence to substantiate his claim, and the court must recognize such evidence to the same extent that it would recognize a certificate of title issued under the law of the state of Ohio.
As to the merits of the cause, the basic purposes of the Ohio certificate of title act are stated in its title, which reads in part: “To Prevent the Importation of Stolen Motor Vehicles and Thefts and Frauds in the Transfer of Title to Motor Vehicles.” (117 Ohio Laws, 373.)
Even though one of the purposes of the Ohio certificate of title act is to protect Ohio purchasers, an equally strong purpose is to prevent automobile theft. Certainly, the public policy of Ohio of protecting innocent Ohio purchasers, as expressed in the case of Kelley Kar Co. v. Finkler, 155 Ohio St., 541, should weigh no more heavily in the scales than the protection of innocent citizens of our sister states from theft.
Both plaintiff and defendant in this cause are innocent parties, and neither of them by its or his actions induced the problem or could have prevented it. Unfortunately, one of two equally innocent parties must bear the loss.
Defendant relies upon our pronouncements in the Kelley case. However, that case is not applicable to the present situation. Here we are concerned with the title to a stolen vehicle and a claimant to the vehicle whose claim is based on a validly issued certificate of title from a sister state, neither of which matters was involved in the Kelley case.
The public policy of Ohio in relation to title to motor vehicles is established by Section 4505.04, Revised Code, i. e., title to motor vehicles must be evidenced by a certificate of title. But the certificate contemplated by this section must be one which is valid in its inception. See Allstate Ins. Co. v. Enzerola, 164 Neb., 38, 81 N. W. (2d), 588; Ohio Casualty Ins. Co. v. Guterman, 97 Ohio App., 237; Moch v. Kaffits, Chief of Police, 75 Ohio App., 305; annotation, 18 A. L. R. (2d), 839. Evidence is admissible to prove that a certificate of title issued under the certificate of title act and valid on its face is voidable because of fraud. In re Estate of Case, 161 Ohio St., 288. Here defendant’s certificate of title, though valid on its face, is defective in that the title is derived through a thief.
*391 It is well settled that a thief can not pass title to a stolen chattel, and a bona'fide purchaser for value without notice from a thief obtains no better title than the thief. Defendant’s title which is derived from.a thief gives the defendant no greater right to the automobile than the thief.
Under the provisions of the Ohio Certificate of Motor Vehicle Title Act, a thief can not convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate used in the purported transfer appears valid on its face. Such certificate of title is void ab initio. Therefore, the plaintiff in this cause has a better right to possession of the automobile in question than the defendant.
The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Bell and Hurd, JJ., concur.
Taft and O’Neill, JJ., dissent on authority of Kelley Kar Co. v. Finkler, 155 Ohio St., 541. See also Shaw v. Wearley Motor Co., 173 Ohio St., 185, 188, 189.
Hurd, J., of the Eighth Appellate District, sitting by designation in the place and stead of Herbert, J.