### In the Matter of David Ross MUELLER, Debtor.

### Bankruptcy No. BK90–40846.

United States Bankruptcy Court, D. Nebraska.

Dec. 6, 1990.

---

R. Ken Radke, Lincoln, Neb., for B.J. Nelson Transp.

Bradford E. Kistler, Lincoln, Neb., for debtor.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In its Motion for Relief from Stay or Adequate Protection (Fil. # 15), plaintiff, Barry J. Nelson, d/b/a B.J. Nelson Transportation, seeks relief respecting two trailers which plaintiff sold to debtor under an oral contract. Plaintiff retained title to the trailers to secure payment of the purchase price. Plaintiff is the registered owner of the trailers on the certificates of title. Debtor has possession and use of the trailers. In resistance to the motion for relief from stay, debtor has raised an innovative defense under Neb.Rev.Stat. § 60–105 (Reissue 1988) which, in relevant part, provides:

> No person, ... acquiring a motor vehicle, commercial trailer, semitrailer, or cabin trailer from the owner thereof, whether such owner be a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to such motor vehicle, commercial trailer, semitrailer or cabin trailer until he shall have had delivered to him physical possession of such motor vehicle, commercial trailer, semitrailer, or cabin trailer and a certificate of title duly executed....

Under this statute, debtor asserts that plaintiff has no right, title, claim or interest in the trailers because plaintiff never had physical possession of the trailers. Plaintiff never had physical possession of the two trailers since they were delivered by the manufacturer directly to the debtor. It is debtor's position that plaintiff obtained no rights in the trailer by having plaintiff's name noted as owner on the certificates of title because plaintiff did not also obtain possession of the trailers.

Debtor's literal interpretation of § 60–105 leads to absurd results. So construed, neither debtor nor plaintiff would have any right, title or interest in the two titled trailers. The plaintiff would have no interest because, as argued by debtor, plaintiff never obtained possession of the trailers. However, this argument may be turned and also applied to defeat *debtor's* claim to the trailers. Since debtor never obtained physical possession of the certificates of title concurrently with physical possession of the trailers, debtor, too, has no right title or interest in the titled trailers. Strict construction thus leads to the absurd result that neither plaintiff, (seller),

nor debtor, (buyer) have any interest in the titled vehicles.

I conclude that § 60–105 does not apply *inter se* between a buyer and seller under circumstances as those before this court. The statute appears most applicable in transactions wherein third parties deal with either, but not both, a party with title or a party with possession. Under § 60–105, when title and possession are held by different parties, as in the facts of this case, a third party could obtain no right, title or interest in the vehicle unless the third party successfully dealt with the holder of the title and with the party in possession of the vehicle. *See First National Bank & Trust v. Ohio Cas. Ins. Co.*, 196 Neb. 595, 244 N.W.2d 209 (1976).

Many of the cases construing § 60–105 involved motor vehicle replevin and conversion actions. *See, Alford v. Neal*, 229 Neb. 67, 75, 425 N.W.2d 325, 329 (1988) citing, *First Nat. Bank & Trust v. Ohio Cas. Ins. Co.*, 196 Neb. 595, 244 N.W.2d 209 (1976); *First Nat. Bank v. Provident Finance Co.*, 176 Neb. 45, 125 N.W.2d 78 (1963); *Snyder v. Lincoln*, 156 Neb. 190, 55 N.W.2d 614 (1952). *Alford v. Neal* was the first time the Nebraska Supreme Court was called upon to determine the question of ownership under § 60–105 between the buyer and seller of a motor vehicle. The court concluded that as between the buyer and seller of a motor vehicle, the certificate of title is prima facie evidence, but is not conclusive proof of ownership under the Nebraska certificate of title act. *Alford v. Neal, supra*, 229 Neb. at 77, 425 N.W.2d at 331. The Nebraska Supreme Court recognized that the purpose of § 60–105 is to prevent fraud or misrepresentation, and recognized that there are circumstances where, although § 60–105 would apply by its terms, the circumstances may not be within the intended purview of the statute. *See also, Dugdale of Nebraska, Inc. v. First State Bank*, 227 Neb. 729, 732 and 736, 420 N.W.2d 273, 275 and 277 (1988). In the present case there are no allegations of fraud by either party and the dispute is between a buyer and a seller. I conclude that this is a case not intended to be within the purview of § 60–105. Therefore, plain-

tiff is not precluded from claiming an interest in the titled vehicles.

We must now determine the type of interest held by plaintiff and further whether plaintiff is entitled to relief from stay.

Both parties acknowledge that there was an oral contract of sale between plaintiff and debtor and both agree as to the terms of the contract. Further, there is no question that plaintiff retained the title to the trailers solely to secure payment of the purchase price. Therefore, I conclude that plaintiff has a security interest in the trailers. See U.C.C. § 1–201(37) and 11 U.S.C. § 101(45).

■ Relief from the automatic stay may be granted for cause, including the lack of adequate protection, or, if the debtor does not have an equity in the subject property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d). The plaintiff has the burden of proof on the issue of debtor's equity in the property, and the debtor has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Debtor, by affidavit, asserts that the trailers in question represent one-half of debtor's fleet and are responsible for approximately $15,000—$20,000 in gross monthly earnings. Debtor states that without use of the trailers his ability to reorganize would be seriously impaired. I conclude that debtor has shown that the trailers are necessary for an effective reorganization. Therefore, plaintiff is not entitled to relief under 11 U.S.C. § 362(d)(2).

■ Plaintiff, however, is entitled to some relief under 11 U.S.C. § 362(d)(1), for cause due to lack of adequate protection. Plaintiff asserts that the trailers are depreciating in value and debtor is deriving substantial benefits from the continued use of the trailers. Debtor has admitted earning $15,000—$20,000 per month from the use of the trailers, and debtor has not been making any payments to plaintiff. Debtor has not met its burden of proving that plaintiff's interest in the trailers is adequately protected. Since it appears that the trailers are being heavily used, it is

reasonable to conclude that plaintiff is entitled to some adequate protection payments from the debtor.

A separate order will be entered consistent herewith.

### ORDER

Based on the reasons set forth in the court's journal entry of today's date entered contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED, that:

1. Motion for Relief from Stay is hereby denied.

2. Motion for Adequate Protection is hereby granted.

3. Debtor shall make monthly adequate protection payments to plaintiff to protect plaintiff's interest in the trailers. The amount of the payments shall be in such amount as agreed between the parties. If the parties are unable to agree on the amount of payments, the parties shall file a motion with this Court for determination of amount of adequate protection payments. The motion shall be heard upon affidavit evidence. Adequate protection payments shall commence within thirty (30) days of this order.